ROBERT A. BOLLING v. RED SNAPPER SAUCE COMPANY.

[53 South. 394.]

1. TRIAL. *Peremptory instruction. When proper.*

A peremptory instruction for defendant is proper only when there is no testimony tending to prove plaintiff's case.

2. CONTRACTS. *Breach by plaintiff. When not bar to recovery.*

The plaintiff's failure to fully comply with the terms of a contract will not preclude him from recovering for a breach of it by defendant, where plaintiff's failure was caused by defendant's breach.

FROM the circuit court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

Bolling, appellant, was plaintiff in the court below; the sauce company, appellee, was defendant there. From a judgment, predicated of a peremptory instruction, in defendant's favor, plaintiff appealed to the supreme court. The case had previously been in the supreme court and a judgment in plaintiff's

favor was reversed on the first appeal, prosecuted by defendant. *Red Snapper Sauce Co. v. Bolling,* 95 Miss. 752, 50 South. 401. The facts of the case are fairly inferable from the opinion of the court.

*Jones v. Shannon* and *E. G. Shannon,* for appellant.

*Bramlette & Tucker,* for appellee.

MAYES, C. J., delivered the opinion of the court.

This case has heretofore been before the court. The first decision is reported in 95 Miss. 752, 50 South. 401. In both instances the facts have been most confusing, and doubtless it is because of this that the trial judge gave a peremptory instruction in favor of defendant. On this trial the defendant offered no proof whatever, but at the conclusion of plaintiff's testimony asked for and received a peremptory instruction.

This action of the court is proper only when there is no testimony tending to make out plaintiff's case. Was such the case here? Bolling, the plaintiff, was introduced as a witness in his own behalf, and after proving the written contract he was asked: "Q. State what you did with reference to the fulfillment of this contract. A. I fulfilled the contract. Q. How? A. I planted the crops agreed to be planted. I cultivated them as best I could, and as good as any man could. I delivered the onions according to the contract as field-dried." Bolling then testified that the sauce company breached its contract by refusing to receive the onions. It is true that Bolling stated that all the tomato acreage was not planted; but he attempted to show that the reason for this was because the sauce company breached the contract before it was time to plant the full acreage, but the court erroneously refused to let him show this. If it be true that Bolling failed to plant the full acreage called for under the con-

tract, and that his failure was caused by the breach of the contract on the part of the sauce company, Bolling would still be entitled to recover whatever damage was occasioned him by defendant's breach of the contract.

This case should have been submitted to a jury; and, because it was not so submitted by the court, the judgment is reversed and the cause remanded.

*Reversed.*