LAND, J.
On April 12, 1916, the plaintiff and the defendant entered into “a contract and agreement of sale” by the terms of which plaintiff company sold to defendant district a right of way 65 feet in width across certain described lands, being a strip 32y2 feet on either side of the center of the proposed canal- to be constructed by the said district.
*765 As a consideration for said right of way, said district obligated itself to deliver to said company all merchantable timber of cypress and hard wood of certain dimensions that may be cut off said right of way by the contractors of said district to the log road crossing of said company; and, in order to avoid any dispute between the parties as to the amount of the timber involved, it was agreed between them in said contract that each should have a representative go over the right of way after the timber was cut down and make a joint count of the number of logs in the right of way. These logs were to be scaled and measured on the right' of way in advance of the digging of the canal,, and again upon delivery at the log road by said district.
It was agreed between the parties that for all merchantable timber cut on the right of way and which said district failed to deliver to said company the same should be paid for to the said company by said district at the price of $15 per 1,000 feet, board measure, for all cypress, and $6 per l,000i feet, board measure, for all gu'm and hard wood, and, in the event that said district failed to make delivery of all of said timber within seven months from the date of this contract, April 12, 1916, that payment at that time should be due and payable on all cut and undelivered timber on said right of way.-
It was further agreed between the parties that all deadening and cutting of the merchantable timber should be done by said company, and for which said district bound itself to pay to said company the price of 10 cents for each tree deadened, and 35 cents for each tree cut of .cypress, and 25 centSi for each hard wood tree.
The imrties agreed that the excavation from the canal should be disposed of on either side of the canal, and that the right and title to the said right of way should be limited to the width of the canal, except that the right was expressly granted by said. company and reserved by said'district of the privilege at all times of distributing the dirt from the excavation over a strip not exceeding 200 feet wide, including width of canal.
The defendant district also agreed to bridge the canal for the two ■ logging - roads of said company crossing said canal,-r provided that the total amount of the expense for same should not exceed $300.-
The present suit has arisen because of different interpretations placed upon the above contract by the parties thereto: . Plaintiff company contends that it was the .duty of the defendant district, under said agreement, to deliver to it all of the 'timber • cut on the 200 feet, including the right of way proper,' 65 feet, and 67% feet on each side .of- the right of way, the space granted by-plaintiff company and reserved by defendant district for placing the dirt excavated from the canal.
Plaintiff company, under its construction of the contract, has sued defendant district for 400,364 feet of cypress timber at- $15 per 1.000 feet, board measure, or the 'sum of $6,005.46, and for 311,031 feet of gum and hard wood at $6 per 1,000 feet, board measure, or the sum of $1,S99.19, which plaintiff alleges was cut on said strip 200 feet wide, and was not delivered by defendant-district. Plaintiff has also sued defendant .district for amount expended for the completion of bridge across the canal, which plaintiff company alleges that defendant company failed-to do. The total debits claimed-by.-plaintiff company against defendant district amount to' $7,980.09, less a credit of $356.49 paid plaintiff company by defendant district for gum and hard wood, and less a further credit for 160,201 feet of cypress at $15 per 1.000 feet, board measure, salvaged by plaintiff company from said canal and .from its banks, after defendant company failed to deliver said'cypress, less expense Of gathering saíne, amounting to $158.78, leaving, a. total credit in favor of defendant district of $2,- *767 600.75, and a balance due plaintiff company of $5,379.04, under its understanding of this' contract.
Defendant district, on the other, hand, denies in its answer to plaintiff’s petition that it ever obligated itself to deliver the amount of timber claimed by xfiaintiff, and that it only agreed to deliver, under said contract, the timber from said right of way of 65 feet wide, which consisted of 196,884 feet of cypress timber and 114,706 feet of hard wood and gum, that it has delivered, according; to said contract, 194,767 feet of cypress timber cut on said right of way, leaving upon said right of way' 2,077 feet of cypress timber, which it failed to deliver, and that it hast delivered 5,394 feet of hard wood and gum cut from said right of way and has left thereon 109,312 feet of said hard wood and gum which it failed to deliver. Defendant district admits that it paid an invoice to plaintiff company of $356.49 on October 11, 1916, on account of 2,077 feet of cypress timber and 109,312 of hard wood cut from said right of way for which defendant district had failed to make settlement.
Defendant district admits in its answer that it owes plaintiff company $31.55 for 2,077 feet of cypress timber, the sum of $655.87 for 5,394 feet of hard wood and gum, and $108.44, the cost of completing the bridge across the canal, less a credit of $356.49 paid' for timber on October 11, 1916 — i. e., a balance of $438.97. ’ ¡
We find the following admission in the' record:
“It is admitted, subject to the objection of counsel for the defendant, that the petition correctly states the amount of cypress timber and other timber counted and scaled on a 200-foot strip, and it is further admitted that the allegations of paragraph 12 of plaintiff’s petition are true.”
Paragraph 12 alleges that the number- of feet saved by plaintiff company, after the ■failure of defendant district to deliver the timber, amounted to 160,201 feet of cypress timber, board measure, and that the expense of gathering and saving same amounted to $158.78.
It follows, therefore, that if plaintiff company’s construction of this contract is correct, plaintiff conrpany is entitled to recover-the sum sued for, and, if defendant district’s construction of this contract is correct, plaintiff company is entitled to recover only a balance of $438.97.
[1] The defendant district expressly bound itself to. deliver to plaintiff company all of the timber cut on the right of way of the canal 65 feet in width. Realizing that it was impossible to construct this canal without providing a convenient place for depositing the dirt, the defendant district reserved to itself the privilege of distributing the dirt from the excavation over a strip not exceeding 200 feet wide, including width of canal— i. e., a strip 67% feet wide on each side of the canal strip, which was 65 feet in width.
The route of this canal is designated in the contract, and defendant district therefore knew that this route lay through timbered land, and that it would be necessary to cut trees both on the right of way and on each side of same for depositing dirt. The defendant district also knew that, as plaintiff company demanded in the contract) the delivery of all the timber cut on the right of way of this canal, 65 feet in width, it had not consented to allow the timber to' be cut on the two 67%-foot strips on each side of this right of way without delivery of same, or without paying for same, as each of these 67%-foot strips was wider than the right of way of the canal itself, and the privilege granted to the defendant district of disposing of the dirt from the canal was a stipulation exclusively for the benefit of the defendant district, and without which the' canal could not have been dug.
Defendant district admits that 595,131 feet of cypress timber and 316,425 feet of *769 hard wood and gum were cut on the 200-foot' strip. Defendant district also admits in its' answer that only 196,844 feet of cypress timber and 114,708 feet of hard wood and gum' were cut on the 65-foot right of way of the canal. The interpretation which the defendant district places upon this contract would entail a loss of $5,379.34 upon the plaintiff in this case on account of the refusal of the •defendant district to deliver the timber cut on these two 67%-foot strips.
While only 196,844 feet of cypress timber were cut on the 65-foot right of way, 398,287 feet of cypress were cut on the two 67%-foot strips on each side of the canal’s right of way, and while only 114,70S feet of hard wood and gum were cut on the right of way of the! canal, 201,717 feet of hard wood and gum’ were cut on the other strips, each 67% feet' wide.
[2] Defendant district’s construction of this contract, if adopted, would be not only unreasonable and inequitable in the highest degree, but would-entail a heavy loss on the plaintiff company.
“Where a contract is capable of a construction in accordance with justice and fair dealing, the court will adopt such construction, instead of a construction which will entail loss on a party to the contract.” Bayne v. U. S., 195 Fed. 236, 115 C. C. A. 188; Corpus Juris, vol. 13, p. 540.
In the 12 Rob. 167, Marcotte v. Coco, it was said:
“In the interpretation of contracts the common intent of the parties, rather than the literal sense of the terms, should be sought; and where the intent is doubtful, the manner in' which it has been executed by' both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation. O. C. 1951.”
Under. the contract between the parties, it was agreed that the logs cut on- the right of -way of the canal should be jointly counted, scaled, and measured by a representative of. the drainage district and a- represontative of the plaintiff company, in advance of the digging of the canal. The logs cut on the 200-foot strip were jointly counted, scaled, and measured by W. M. Einley, foreman of the plaintiff company, and by S. C. Spurgeon, representative of the defendant district, and their joint written reports are in the record.
On November 15, 1916, plaintiff company addressed a letter to defendant district, inclosing an invoice, dated November 15th, amount $5,973.10, covering 595,131 feet of cypress taken up by Spurgeon and Einley, and notifying defendant district that plaintiff company had credited invoice, by deducting 194,767. feet of cypress, delivered jointly and signed for by Spurgeon and Dardin, and by deducting 5,394 feet of gum delivered and taken up by Spurgeon and Dardin jointly. This letter also states that the invoices previously rendered, covering the, Tupelo gum ($1,542.06), in connection with' the attached invoice, made a total of $7,515.-16 due plaintiff company.
This letter was a demand for payment for the cypress cut on the 200-foot strip, but in the letter of date November 24, 1916, from defendant district to plaintiff company, we find no objection - made to the account of plaintiff company whatever, the only reason assigned for nonpayment of same being that it was impossible for defendant district to' pay same for lack of available funds for that purpose. '
In the face of these facts, it clearly appears, by the implied assent of defendant district, that the interpretation placed upon' this contract by plaintiff company was correct. The present contention of defendant' district that its liability under said contract is restricted to timber cut and undelivered -on the 65-foot right of way of the canal is evidently an afterthought.
Judgment appealed from is therefore affirmed. . i..