No. 3623

Second Circuit

TERRELL v. ALEXANDRIA AUTO CO., INC.

(January 31, 1930.   Opinion and Decree.)
(March 24, 1930.   Rehearing Refused.)

Polk & Robinson, of Alexandria, attorneys for plaintiff, appellee.

K. Hundley, of Alexandria, attorney for defendant, appellant.

DREW, J.   Plaintiff placed with defendant an order for a Durant sedan automobile.   The order was made on an ordinary order blank, and reads as follows:

"You may enter my order for one 4 Cyl. Durant 4 Door Sedan to be delivered to me on or about or soon as possible, Dec. 15th 1928.   Cash Price of Car-Price at time

of delivery fully equipped. Allowance for Star touring car $212.50. Balance, Reg. terms."

This order was signed by plaintiff on August 9, 1928, and accepted by W. F. Walker and Salesman C. R. Scroggs.

About 30 days after placing the order, plaintiff notified defendant that he was not going to be in financial condition to take out the car ordered, and requested defendant to allow him to take in its stead a secondhand car that defendant had secured. Defendant refused to allow him to make the change, for the reason that the price allowed for plaintiff's Star car was based on the price of the new car he had ordered, and insisted on plaintiff's taking the car ordered. Plaintiff, on another occasion, told defendant that he would be unable to take out the new car and offered to allow defendant a commission for selling his Star car, and requested the return to him of the price allowed for his Star automobile, less a commission for handling it. This also was refused by defendant, and it insisted on plaintiff's carrying out his original contract. On the 21st day of November, 1928, defendant sold the last car it had and did not order any others for the reason given, that there was to be a change in the car, consisting of improvements, and possibly lowering of price, and that to stock up four cars, which was one carload, at' that time of the year would have been a foolish thing to do, and would have entailed heavy loss on defendant, due to the fact that the new model car was in process of being put on the market at that time.

After plaintiff had notified defendant that he could not take the car ordered, there was nothing more that passed between them until the 17th day of December, 1928. On that day plaintiff went to defendant's place of business and demanded the car he had ordered. Defendant told him they had no new cars on hand, and the reason for not having them on hand, but offered to go to Shreveport and drive a car from there to Alexandria for him the next day. This plaintiff refused, stating that he did not want any one driving his car. Defendant then offered to take plaintiff himself, or any one he would designate, and pay all expenses of the trip, and to pay for any time lost on account of the trip, and to allow plaintiff, or the one he designated, to drive the car through from Shreveport to Alexandria, a distance of 135 miles. Plaintiff refused this offer, and stated that he wanted a car delivered to him from the freight car in Alexandria, and would not accept anything else, and demanded that defendant pay to him the $212.50 allowed him in trade for his Star automobile. On the same day, plaintiff addressed a letter to defendant in which he demanded delivery of a car as ordered by him, not later than December 20, 1928, and stating that he would accept only a car delivered to him from the freight car at Alexandria, and, in default, he demanded the payment to him of the price allowed for the Star car traded to defendant. Defendant did not comply with the demands of plaintiff and he instituted this suit for the price of the Star automobile, $212.50, and $50 damages for failure to comply with the contract. The case was tried in the city court of Alexandria, and there was judgment for plaintiff in the sum of $212.50, together with 5 per cent per annum interest thereon from February 7, 1929, until paid, from which defendant appealed to this court. Plaintiff has not answered the appeal; therefore the question of damage in the amount of $50, which was not allowed by the lower court, is not before us.

The only question for this court to decide is: Was the delivery offered by defendant a substantial compliance with the contract? It was not necessary for defendant to bring the car from Shreveport to Alexandria and tender it to plaintiff to put him in default. After that was offered and plaintiff positively refused the offer, default was unnecessary.

"Where a party refuses * * * to comply with his obligation, the other party need not formally put him in default. No one is required to do a vain and useless thing." Stockelback vs. Bradley, 159 La. 336, 105 So. 363, 364.

A delivery within a reasonable time after December 15, 1928, was in compliance with the contract under the wording "on or about Dec. 15th, 1928." The offer was made on December 17th, stating that delivery could be made the following day, and the contract was not breached as to the time of delivery.

Plaintiff contends that his order was for a new car, and that a car driven from Shreveport to Alexandria, a distance of 135 miles, is not a new car but a driven car as distinguished from a used car, and, although the order is silent as to where delivery is to be made, that custom is, to be made at defendant's place of business, or plaintiff's home. The testimony of all witnesses, except plaintiff, being eight in number, is that it was the custom to drive cars through from Shreveport, Lake Charles, and New Orleans to fill orders, and that the same was done many times without any objection from purchasers; that cars properly driven from that distance was not injured, and had always been considered new cars; that the insurance company insured them as new cars and all finance companies took the paper on them as new cars; and that a car driven from Shreveport to Alexandria for the purpose of delivery to fill an order was guaranteed as any other new car, and at certain times, if they were not allowed to drive cars through from one place to another, a number of the smaller automobile dealers would be forced to go out of business.

In interpreting a contract not specific in its wording, it is necessary to take into consideration the custom of the place and the usual and customary manner of fulfilling like contracts in arriving at what was the reasonable expectation of the parties to the contract at the time it was made.

Where a contract is capable of construction in accordance with justice and fair dealing, the court will adopt such construction, instead of one entailing loss to a party to the contract. Civil Code, art. 1951. · Ascension Red Cypress Co., Ltd., v. New River Drainage District, 149 La. 764, 90 So. 165.

It therefore follows that defendant's offer to deliver a car of the kind and make ordered by plaintiff to him by driving the same from Shreveport to Alexandria, or allowing him to drive it through, was such a compliance with the contract as could have been expected by plaintiff, and plaintiff's refusal to accept a car under those conditions was a refusal to comply with the contract.

Plaintiff relies almost entirely upon the authority of the case of Wilcox vs. Central Louisiana Motor Car Co. et al., 1 La. App. 461. The two cases are distinguished, in that the facts are entirely different. The facts of the case relied upon by plaintiff are that the car was to be delivered by December 22, 1922, and that the date of delivery was finally postponed by

consent of both parties until August 1, 1923, that since that time the plaintiff had made repeated demands upon the defendant for delivery of the car, and that the defendant never at any time offered to make said delivery, and, in answer to the suit of the plaintiff, alleges that it has been impossible for defendant to make delivery of this particular type of car, and that it will make delivery as soon as it is able to secure one. Defendant does not attempt to say when it can make delivery, and the evidence showed that it did not have the factory agency of the car sold to the plaintiff.

In the case cited by plaintiff there was no offer of delivery, because, as alleged by the defendant, it was impossible to make delivery, and in the present case defendant insisted on making delivery, and said delivery was refused by the plaintiff without any reason that could be held to be good. Courts cannot uphold the peculiar whims of litigants that are not founded on sound reasoning and law.

Defendant reconvenes, praying that there be judgment in its favor declaring forfeited to defendant the deposit made by plaintiff on the car described, and that the court fix a date upon which plaintiff shall take delivery of said car under penalty of forfeiting said deposit.

The record is silent as to the damage to defendant by reason of plaintiff's breach of contract in refusing to take the car. Defendant is entitled to whatever damage was occasioned him by the breach of contract. Bolling vs. Red Snapper Sauce Co., 97 Miss. 785, 53 So. 394. Therefore his demand for forfeiture of the deposit of $212.50 as damages will be nonsuited.

It is therefore ordered, adjudged, and decreed that the judgment of the city court, Alexandria ward, Rapides parish, La., be reversed, avoided, and annulled, and that there be judgment in favor of the defendant, Alexandria Auto Company, Inc., rejecting the demands of the plaintiff, F. H. Terrell, at his cost in both courts. And it is further ordered, adjudged, and decreed that the reconventional demand of the Alexandria Auto Company, Inc., for forfeiture of the deposit money be rejected, reserving to the plaintiff and to the defendant each the right to urge in another action whatever rights either have in and to the $212.50 deposited in part payment of the Durant car.