557 So.2d 526 (1990)
Connie LeBLEU, Coatings Manufacturers, Inc. and Coatings of Mississippi, Inc.
v.
JIM MURPHY & ASSOCIATES, INC.
No. 07-CA-58831.
Supreme Court of Mississippi.
February 14, 1990.
*527 Christopher Solop and William R. Purdy, Ott & Purdy, Jackson, for appellants.
Barry H. Powell, Thomas Price Alston Jones & Davis, Jackson, for appellees.
Before HAWKINS, P.J., and ROBERTSON and PITTMAN, JJ.
PITTMAN, Justice for the Court:

I.
This appeal arises from a rehearing following a finding by this Court that there was a continuing employment agreement between Jim Murphy and Associates, Inc. and the Appellants. This Court in Murphy v. LeBleu, 511 So.2d 886 (Miss. 1987), reversed the decision of the lower court, finding that the contract between the parties was terminated, and determined that there was an ongoing contract between Jim Murphy and Associates, Inc., Connie LeBleu, Coatings of Mississippi, Inc. and Coatings Manufacturers, Inc. This Court rendered a judgment for Murphy but the case was reversed for a hearing to determine the amount of back wages due Murphy. CMI subsequently filed Chapter 11 Bankruptcy and thus was not a party to the new hearing. At the rehearing the Chancellor ordered LeBleu and Coatings to pay Murphy $113,402.24 in principal and interest. Of the amount awarded $74,000.00 was for wages incurred between the first trial and the hearing on remand the remainder was accrued interest. LeBleu and Coatings perfected an appeal and stated as issues to be addressed by this Court:
1. Whether the Chancellor erred in awarding the Plaintiff, Jim Murphy and Associates, Inc., $2,000.00 per month under the Consultant Agreement from the date of the first trial in mid-September 1984 to the date of the hearing on remand on November 2, 1987, for a total principal amount of $74,000.00, where the Mississippi Supreme Court determined that the Consultant Agreement was valid and created ongoing obligations to be performed by both parties and remanded to the Chancellor to "take such evidence as may be appropriate to ascertain the sums due from [Defendants] to [Plaintiff] under the contract," but where the testimony at the hearing indicated that neither the Plaintiff nor any of the Defendants took any action in furtherance of the Consultant Agreement during this more than three (3) year period.
2. Whether contractual payments accrue during the pendency of an appeal where the lower court has declared the contract at an end, and the parties to the contract relied upon the finality of this *528 judgment in taking no action in furtherance of the contract.

II.
On April 14, 1982, Jim Murphy and Associates, Inc. ("Murphy") entered into a Consultant Agreement with Connie LeBleu ("LeBleu"), Coatings of Mississippi, Inc. ("Coatings"), and Coatings Manufacturers, Inc. ("CMI"), pertaining to CMI's painting and coatings contract at Grand Gulf Nuclear Station. LeBleu was the dominant influence within Coatings and CMI. Murphy's responsibility according to the Consultant Agreement was to see that nothing caused CMI to lose its contract at Grand Gulf. In return for Murphy's services, the Consulting Agreement provided for payment to Murphy of $2,000.00 per month so long as CMI or LeBleu and any related corporation or concern is performing a painting or coating contract at the Grand Gulf Station.
LeBleu contended that Murphy did not adequately perform under the contract and in January 1984, on behalf of herself and the corporations, terminated the Consultant Agreement. On February 16, 1984, Murphy brought a suit for breach of contract in the Chancery Court of Hinds County, Mississippi, against LeBleu, CMI, and Coatings. The Chancellor, after a bench trial, rendered a Final Decree dismissing Murphy's complaint. Murphy appealed the decision. This Court, on July 8, 1987, reversed, rendered in part and remanded in part. Murphy v. LeBleu, 511 So.2d 886 (Miss. 1987). This Court found that Murphy had performed adequately under the contract and a judgment was entered for the contract payments through the date of the first trial. Since there was no evidence regarding what had happened since the first trial the case was remanded to the Chancery Court to, "take such evidence as may be appropriate to ascertain the sums due from CMI/LeBleu to Murphy under the contract." Id. at 895.
A hearing was held on November 2, 1987. At the conclusion of the hearing the Chancellor, in the Findings of Fact and Conclusions of Law, stated that, even though Murphy had performed no work for LeBleu and Coatings during the case's pendency, he felt compelled by the Supreme Court's mandate from Murphy v. LeBleu to award Murphy the rate of $2,000.00 per month ($74,000.00) for the referenced period. He interpreted this Court's mandate to mean that Murphy was to be paid for each month LeBleu and Coatings held the painting contract. Since LeBleu and Coatings still had the painting and maintenance contract at Grand Gulf Murphy received the monthly amount for the entire period. This appeal followed.

III.

WAS IT ERROR TO AWARD MURPHY $74,000.00?
LeBleu and Coatings argue that Murphy should be precluded from recovering the $74,000.00 principal, plus interest, because the Chancellor, in the Findings of Fact, determined that Murphy had done nothing in furtherance of the contract since the first trial. According to LeBleu and Coatings, Murphy's failure to perform is tantamount to a breach of contract. They claim that since Murphy breached the contract by failing to perform he cannot now bring suit against them for payment of his monthly fee.
While LeBleu and Coatings are correct when they argue that the repudiation of one's duty under a contract terminates the duty of the other, they fail to note that they are the ones who repudiated the contract. This Court in Murphy v. LeBleu, found that, "[i]n short Murphy committed no breach of contract;" thus, the Consulting Agreement was wrongfully breached by LeBleu and Coatings. 511 So.2d at 894-95. We are now in the position that Murphy was properly performing a contract when LeBleu and Coatings wrongfully breached the contract.
This Court has repeatedly stated that a party may not defend a breach of contract action on the grounds of non-performance when the defending party has prevented performance by repudiating the contract. See also UHS-Qualicare v. Gulf Coast Community Hospital, Inc., 525 So.2d 746 *529 (Miss. 1987); Bolling v. Red Snapper Sauce Co., 97 Miss. 785, 53 So. 394 (1910); and Old Ladies Home Ass'n v. Hall, 212 Miss. 67, 52 So.2d 650 (1951). 525 So.2d at 756. In Bolling the plaintiff was allowed to recover even though he did not fully comply with the contract because the defendant was the one who caused the breach. 97 Miss. at 786, 53 So. at 395. A party cannot defend a breach of contract action on the ground of non-performance when that same party has prevented performance.
The contract, "obligated CMI/LeBleu to pay Murphy the sum of $2,000.00 per month for the life of the Grand Gulf painting contract." 511 So.2d at 895. Because LeBleu and Coatings wrongfully breached the Consultant Agreement, they are prevented from withholding payment by claiming that Murphy failed to perform. UHS-Qualicare, 525 So.2d at 756. Murphy was ready to perform but could not perform because he received no directions from LeBleu and Coatings. LeBleu and Coatings knew or should have known realized that the lower court's decision, allowing the termination, could be reversed and the effect of that reversal. The Consulting Agreement is in full force, Murphy should receive $2,000.00 a month in accordance with the provisions of the Consulting Agreement.

IV.

DID THE FINAL DECREE EXCUSE CONTRACT PERFORMANCE UNTIL IT WAS REVERSED?
LeBleu and Coatings argue in their second issue that the Chancellor's Final Decree was binding on all parties until it was reversed and thus LeBleu and Coatings do not owe Murphy for anything during the period of time that the case was on appeal. This Court finds this issue without merit. When a judgment is reversed it is as if such judgment never existed. See Generally General Contract Corporation v. Leggett, 224 Miss. 262, 80 So.2d 762 (1955).
In General Contract Corp., an action in replevin, this Court reversed the decision of the lower court and ordered Leggett to restore not only the value of the vehicle, but also the Court ordered Leggett to pay General Contract Corp. the additional value of the subject vehicle's depreciation while the case was on appeal. 224 Miss. at 263, 80 So.2d at 763; See Also 5B C.J.S. Appeal and Error § 1950 (1963) which states:
The effect of a general and unqualified reversal of a judgment, order, or decree is to nullify it completely and to leave the case standing as if such judgment, order, or decree had never been rendered. .. . (Several of Mississippi's neighbor states have adopted this proposition. Starnes v. Holloway, 779 S.W.2d 86, 95 (Tex. App. 1989); Franklyn Gesner Fine Paintings, Inc. v. Ketchum [259 Ga. 3], 375 S.E.2d 848, 849 (Ga. 1989); Ex Parte Riley, 464 So.2d 92, 94 (Al. 1985); Lowe v. Morrison [270 Ark. 668], 606 S.W.2d 569, 571 (Ark. 1980); and O'Brien v. O'Brien, 347 So.2d 1288, 1289-90 (La. App. 1977).)
When this Court reversed the decision of the Chancellor it was as if the lower judgment never existed. The Consultant Agreement was in full effect with accrued back payments were due to Murphy for the months that LeBleu and Coatings held the painting contract at Grand Gulf Nuclear Power Station while this case was on appeal. The Chancellor found that at the time of the hearing on remand LeBleu and Coatings still had the painting contract so Murphy was due his fee for the number of months the case was pending (37 months at $2,000.00 per month is $74,000.00).

V.
This Court realizes that this appeal might have been prevented had it written with more clarity in Murphy v. LeBleu. When this Court reversed the Chancellor's judgment the effect was as if Consulting Agreement had never been terminated. The Consulting Agreement stated that Murphy was to be paid so long as LeBleu and Coatings had the painting contract at Grand Gulf. Murphy, 511 So.2d at 895. Once the Chancellor determined on the remand hearing that LeBleu and Coatings still had the painting contract Murphy was entitled to his payment. While this result *530 might seem harsh since Murphy admittedly did nothing during the pendency of the appeal it must be remembered that he was not the one who breached the contract and he remained willing to perform. Parties who tire of a contract cannot rely on the Courts to reform, rescind or repudiate the bothersome contract without some reason founded in the law for such a reformation, rescission or repudiation.
The Chancellor did not err in awarding Murphy $74,000.00 in back fees plus interest.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.