# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-60715

GREENVILLE IMAGING, LLC

                    Plaintiff-Appellant-Cross-Appellee

v.

WASHINGTON HOSPITAL CORPORATION, doing business as The King's
Daughters Hospital

                    Defendant-Appellee-Cross-Appellant

Appeals from the United States District Court
for the Northern District of Mississippi
(05-CV-137)

Before JONES, Chief Judge, and GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant, Greenville Imaging, LLC (Imaging), appeals the
district court's judgment, after a bench trial, denying its claim for compensatory
damages for a breach of contract committed by defendant-appellee, Washington
Hospital Corporation (WHC). WHC cross-appeals the award of attorneys' fees
and costs to Imaging and the denial of its own fee request. Following a bench
trial, we review findings of fact for clear error and legal conclusions de novo.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Lehmann v. GE Global Ins. Holding Corp., 524 F.3d 621, 624 (5th Cir. 2008). As this is a diversity case and the parties have agreed that Mississippi law will govern any disputes arising under the contract, we apply the substantive law of Mississippi. Erie R.R. v. Tompkins, 58 S.Ct. 817, 822 (1938). Because state law supplies the rule of decision, it also controls the award of attorneys' fees. Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002).

Imaging is a magnetic resonance imaging (MRI) company based in Greenville, Mississippi. Imaging entered into an MRI service agreement with WHC in which WHC agreed to employ Imaging to satisfy all of WHC's "mobile MRI needs" at WHC's King's Daughters Hospital (KDH) campus for a four-year period.[1] The agreement was a requirements contract with no minimum number of scans to be performed and with payment to be made on a per scan basis. The agreement contained a successor clause mandating that WHC "require any successor . . . to expressly assume and agree to perform [WHC's] duties and responsibilities pursuant to this Agreement." The contract also included two provisions relating to attorneys' fees and costs. Section 7.9 stated that in any contract dispute, "the prevailing party will be entitled to reimbursement of its expenses, including court expenses and lawyers' fees." Section 8.3 provided that, in the event of a breach, "the defaulting party shall pay the other part[y's] reasonable attorney's fees together with an amount equal to all expenses paid or incurred in the enforcement of any rights or privileges hereunder."

Approximately seven months into performance of the contract, WHC sold nearly all of its assets to Delta Regional Medical Center (DRMC), another Greenville hospital which was a competitor of WHC's. Despite WHC's efforts to

---

[1]The original entity that contracted with WHC was Imaging Resources, LLC, but it later assigned the contract to Greenville Imaging, LLC. Imaging Resources initially joined Greenville Imaging in filing this suit but voluntarily dismissed its claims before trial.

comply with the successor clause, DRMC refused to assume the MRI service agreement as part of the purchase, believing that its own fixed MRI unit had sufficient capacity to absorb whatever new demand would be created by its acquisition of KDH.[2] Undeterred, WHC went ahead with the sale. WHC subsequently informed Imaging that its services were no longer required and requested that Imaging promptly remove all of its mobile MRI equipment from KDH premises.

Imaging sued WHC for breach of contract based on WHC's failure to assign the MRI service agreement to DRMC. The district court found that WHC had breached the contract, but it declined to award any compensatory damages to Imaging. The district court found that, even if WHC had assigned the MRI service agreement to DRMC as required, DRMC had no need for Imaging's mobile MRI services. The district court found that DRMC's own fixed unit was capable of handling all of its MRI requirements, therefore DRMC would have had no need to engage Imaging's services even if it had assumed the contract. Nevertheless, the district court did charge WHC with attorneys' fees and costs as the "defaulting party" pursuant to section 8.3 of the contract.

Imaging argues that the district court committed legal error by mischaracterizing its burden of proof in this case. The district court required Imaging to prove damages by showing that DRMC would have had a need for Imaging's services had it assumed the contract. This was not error. The remedy for breach of contract is to place the party in the position it would have occupied had the contract been performed. Theobald v. Nosser, 752 So. 2d 1036, 1042

---

[2]A fixed MRI unit is one that is permanently housed in a single medical facility, whereas a mobile MRI unit is contained in a trailer that can be moved from place to place. The expert witness for Imaging admitted that the terms of the agreement did not prevent WHC, and therefore any successor, from meeting any and all of its MRI needs with its own fixed unit before utilizing Imaging's mobile unit.

(Miss. 1999). It is therefore entirely reasonable to require a plaintiff suing on a needs-based contract with no minimum requirements to show that the other contracting party had a need for the plaintiff's services. As the chief witness for Imaging admitted at trial, if no need existed, then Imaging lost no revenues and incurred no damages.

Furthermore, we determine that the district court did not commit clear error when it found that DRMC did not have a need for Imaging's mobile MRI services. Imaging asserts that DRMC's needs were dictated by the demands of patients in the Greenville community. Imaging relies on its own market analysis to contend that the needs of the community exceeded the capacity of DRMC's fixed unit. WHC presented the testimony of DRMC's director of radiology and chief operating officer indicating that, to the contrary, DRMC had excess capacity in its fixed unit. Therefore, according to DRMC's employees, who, unlike Imaging's witnesses, had no economic interest in the suit, DRMC was able to accommodate all of its patients from KDH and the community at large without using Imaging's mobile MRI services. Based on these statements and the speculative nature of Imaging's evidence, the district court did not commit clear error in finding that DRMC had no need for Imaging's services.

We also find that the district court did not abuse its discretion in awarding Imaging attorneys' fees and costs. Although Imaging was unable to prove damages, Imaging did establish that WHC breached the MRI service agreement.[3] Thus, the district court properly charged WHC with attorneys' fees

---

[3]We reject WHC's arguments that it did not breach the contract and that the provision in question is invalid under Mississippi law. There is no evidence that WHC ever offered DRMC to make any reduction in the purchase price (which provided WHC a large profit), or make any other compensating adjustment in proposed sale, if DRMC would assume the contract with Imaging, or that any such offer would have been futile. Nor was WHC under any compulsion to sell. The evidence certainly does not compel the conclusion that the assumption provision in the WHC-Imaging contract was invalid as an illegal or

4

and costs as the "defaulting party" under section 8.3 of the contract. WHC argues that the evidence Imaging presented in regard to attorneys' fees was untimely and insufficient. We disagree. The district court specifically requested that Imaging submit a post-trial affidavit outlining its fees and expenses. WHC made no objection to that procedure, and Imaging complied with it, submitting an affidavit. When WHC subsequently objected to the sufficiency of that affidavit, Imaging timely responded with an adequately detailed affidavit. Thus, the award of attorneys' fees to Imaging was reasonable and proper.

WHC also contends that it should have been awarded attorneys' fees and costs, because Imaging's failure to obtain compensatory damages rendered WHC the "prevailing party" under section 7.9 of the contract. Even assuming arguendo that WHC was the "prevailing party," this argument has no merit. WHC breached the agreement, and a party who violates a contract cannot then enforce that same contract to its benefit. LeBleu v. Jim Murphy & Assoc., Inc., 557 So. 2d 526, 528 (Miss. 1990); Matheney v. McClain, 161 So. 2d 516, 520 (Miss. 1964). Thus, the district court did not abuse its discretion in denying WHC's request for attorneys' fees and costs.

The judgment of the district court is

AFFIRMED.

---

unreasonable restraint on alienation or that WHC's failure to comply therewith was excused (or excusable) under the contract's general force majeure clause.