**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2009

Charles R. Fulbruge III
Clerk

No. 07-60715

GREENVILLE IMAGING, LLC

> Plaintiff-Appellant and Cross-Appellee

v.

WASHINGTON HOSPITAL CORPORATION, doing business as The King's
Daughters Hospital

> Defendant-Appellee and Cross-Appellant

---

Appeal from the United States District Court
for the Northern District of Mississippi, Greenville

---

**ON PETITION FOR REHEARING**

Before JONES, Chief Judge, and GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

In its review of the record herein in connection with consideration of the petition for rehearing filed herein by plaintiff-appellant-cross-appellee Greenville Imaging, LLC in respect to our October 17, 2008 opinion herein, the court noted that subject matter jurisdiction herein of the district court is

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

questionable, as reflected by the pleadings, in that it is founded only on diversity of citizenship and the sole defendant, Washington Hospital Corporation, is a Mississippi corporation, and one of the plaintiffs, indeed the sole plaintiff at and after the end of trial, is and was Greenville Imaging, LLC, an Arkansas Limited Liability Company, one of the members of which is Mid-South Sports Medicine and Orthopedic Surgery, LLC, a Mississippi Limited Liability Company, one of the members of which is a Jeff Almand, a Mississippi resident and citizen. We requested of the parties information and further briefing on this point in light of our holding in *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008), in which we held, joining "[a]ll federal appellate courts that have addressed the issue" (citing some eight circuit court decisions, five of which were handed down before this case was filed), that "like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." In reply to our request the parties have confirmed the above stated information and further that under the rule of *Harvey v. Grey Wolf* the district court lacks subject matter jurisdiction.[1]

We are obliged to satisfy ourselves of the trial court's subject matter jurisdiction. WRIGHT & MILLER, COOPER & FREER, FEDERAL PRACTICE AND PROCEDURE, Vol. 13, § 3522 at 126-132 (3rd Ed. 2008).

The district court lacked subject matter jurisdiction.

Accordingly, our prior opinion herein issued October 17, 2008, is

---

[1]The only exception to this is that defendant-appellee Washington Hospital Corporation argues that it is unfair to apply the *Harvey v. Grey Wolf* rule to cases that were filed in Mississippi federal district courts before that decision because it was generally assumed in Mississippi federal district courts that LLCs would be treated as corporations for diversity purposes. We reject this contention. We note that *Harvey v. Grey Wolf* did not overrule or depart from any prior decisions of this court or of any other Court of Appeals.

withdrawn; the motion for rehearing directed thereto is therefore denied as moot; the judgment of the district court is vacated and the case is remanded to the district court with directions that it be dismissed for want of subject matter jurisdiction.

VACATED and REMANDED