# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2012

No. 12-10184

Lyle W. Cayce
Clerk

JOSEPH JOHNSON, JR.,

Plaintiff–Appellant

v.

AFFILIATED COMPUTER SERVICES, INC.; ACS EDUCATION
SOLUTIONS, LLC,

Defendants–Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2333

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Joseph Johnson, Jr., appeals from the dismissal of one
of his many lawsuits seeking to avoid repaying his student loans.[1]
Defendants–Appellees are entities involved in processing such loans, including

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] *See Johnson v. United States*, 105 Fed. Cl. 85 (Fed. Cl. 2012); *Johnson v. Duncan*, 746
F. Supp. 2d 163 (D.D.C. 2010), *appeal dismissed*, No. 10-5375, 2011 WL 186574 (D.C. Cir. Jan.
19, 2011); *Johnson v. U.S. Dep't of Educ.*, 580 F. Supp. 2d 154 (D.D.C. 2008), *aff'd*, No. 08-5468
(D.C. Cir. Apr. 10, 2009).

No. 12-10184

Johnson's. The district court granted Defendants' motion to dismiss pursuant to Rule 12(b)(6) and entered a final judgment dismissing Johnson's claims. Dissatisfied with this outcome, Johnson filed a motion to vacate the judgment.[2] He contended, as he does on appeal, that his own pleadings failed adequately to allege subject matter jurisdiction so that the district court lacked jurisdiction to hear the case and thus to dismiss his claims with prejudice.

Any party may challenge subject matter jurisdiction at any phase of the proceedings.[3] But we are acutely aware of the "tremendous waste of judicial and private resources . . . . when a party who invokes federal jurisdiction recants his original jurisdictional allegations or 'discovers' that there was no diversity after all after suffering a loss on the merits."[4] Thus, although we are obliged to review both our jurisdiction and the district court's,[5] we look with a jaundiced eye at Johnson's after-the-fact disavowal of his own invocation of federal jurisdiction.

We have reviewed the Second Amended Complaint[6] and the record, and we conclude that diversity jurisdiction existed at all relevant times. With respect to the amount in controversy, Johnson expressly demanded $50,000 in compensatory damages and $50,000 in punitive damages. Under these

---

[2] The record suggests that the parties were negotiating a settlement at the time, but evidently neither party alerted the district court.

[3] *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). It follows that any party may argue in support of subject matter jurisdiction, with the burden falling on the proponent of jurisdiction. *See, e.g.*, *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). In this unusual posture, Defendants are the proponents of jurisdiction because they seek to preserve the final judgment entered by the district court. We reject Johnson's sophistic argument that because he invoked jurisdiction *first* by filing in federal court, he is the *only* party with standing to show that diversity jurisdiction exists in fact.

[4] *Coury*, 85 F.3d at 249.

[5] *E.g.*, *Griffin v. Lee*, 621 F.3d 380, 383 (5th Cir. 2010).

[6] *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

No. 12-10184

circumstances, we will hold him to that amount.[7]  With respect to diversity of citizenship, the supplemental materials provided by Defendant ACS Education Solutions, LLC[8] demonstrate that at all times its members were completely diverse from Johnson.[9]  Thus, the district court had subject matter jurisdiction to dismiss Johnson's claims with prejudice and properly denied his Rule 60 motion to vacate the judgment.  Johnson's attempted Rule 41 notice of voluntary dismissal, which he filed after the court's dismissal with prejudice, was a nullity.[10]  All other issues on appeal are moot.

AFFIRMED.

---

[7] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-09 (5th Cir. 1995) ("Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

[8] *Cf. Greenville Imaging, LLC v. Washington Hosp. Corp.*, 326 F. App'x 797, 798 (5th Cir. 2009) (resolving jurisdictional question on the basis of citizenship information requested *sua sponte* from the parties).

[9] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that for diversity purposes "the citizenship of a LLC is determined by the citizenship of all of its members").

[10] *Cf. Lee v. Vill. of River Forest*, 936 F.2d 976, 981 (7th Cir. 1991) ("[T]he district court's allowance of Lee's notice of voluntary dismissal had no effect on the district court's prior dismissal with prejudice of Lee's federal claim.").