662 So.2d 831 (1995)
UNITED INVESTORS LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Linda B. ALEXANDER, et al., Defendants-Appellants.
No. 27466-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1995.
*832 Robert W. Cook, Haughton, and Stephen A. Jefferson, Monroe, for Defendants Marshelle Alexander and Ronnie Alexander.
UAW-GM Legal Services Plan by Sidney J. Zeller, Shreveport, for Defendant Linda B. Alexander.
J. Gregory Caver, Bossier City, for Defendants Ken and Tami Perkins.
Wiener, Weiss, Madison & Howell by Neil T. Erwin, Shreveport, for Plaintiff.
Before WILLIAMS, J., and PRICE and SAVOIE, JJ. Pro Tem.
PRICE, Judge Pro Tem.
This case was tried as a concursus proceeding after United Investors Life Insurance Company deposited into the registry of the court $52,500 in policy proceeds due under Policy No. U28-13-10 as a result of the death of the insured, Robert Paxton Alexander. The rival claimants to the proceeds are the decedent's widow, Linda B. Alexander; her children of a prior marriage, Tami Perkins and Ken Perkins; and the decedent's children of a prior marriage, Ronnie Alexander and Marshelle Alexander.
Ronnie and Marshelle Alexander filed a motion for summary judgment contending that they, as the designated contingent beneficiaries and biological children of the decedent, should be entitled to the proceeds of the policy in light of the fact that no primary beneficiary was named on the insurance application nor on the policy, both of which constitute the insurance contract. The trial court denied the motion and, after a trial on the merits, the court rendered judgment in favor of Linda Alexander, declaring that she was the intended primary beneficiary and entitled to the proceeds.
Ronnie and Marshelle Alexander appeal, seeking to overturn the trial court judgment and have all death benefits of the insurance policy awarded to them. United Investors Life Insurance Company ("United"), Tami Perkins, and Ken Perkins are not participants in this appeal. For the following reasons, we affirm.

FACTS
In the spring of 1983, Ronald E. Patton, an independent insurance agent, was attempting to sell insurance to local businesses on Barksdale Boulevard in Bossier City, Louisiana. He entered Rodney's Auto Parts and met Robert Paxton Alexander, who was working at the counter. Mr. Patton gave Mr. Alexander his card and invited him to call. A few weeks later, Mr. Alexander called Mr. Patton and they agreed to meet.
On March 20, 1983, Mr. Patton met with Mr. Alexander and his wife, Linda Alexander, at their home. No one else was present during this meeting. After some discussion, the Alexanders decided to purchase life insurance. Because Mrs. Alexander was pressed for time, Mr. Patton hastily asked questions and transcribed the information given to him onto an insurance application form. He did not complete the application form at that time. Later the same day, he wrote some additional information onto the document and forwarded it to the insurance company.
United obtained the application for the policy of term insurance on the life of Robert P. Alexander in the sum of $50,000 and on the life of Linda B. Alexander, under the *833 Spouse Insurance Rider, in the sum of $50,000. Subsequently, a policy of term life insurance was issued by United and delivered by Mr. Patton to Robert P. Alexander.
Robert P. Alexander died by suicide on November 1, 1991. The term life insurance policy issued by United to Robert Alexander states that the beneficiaries are "as stated in the application, unless subsequently changed by the owner." The referenced application, signed by Robert Alexander and Linda Alexander, designates the contingent beneficiaries, but the space provided for the designation of a primary beneficiary is blank.
United, which admits that the benefits of the life insurance policy resulting from the death of Mr. Alexander are due, impleaded the aforementioned defendants to assert their respective claims to these funds contradictorily.
Ronnie Alexander and Marshelle Alexander, the appellants, urge that the trial court erred in finding the insurance contract ambiguous; in admitting parol evidence in the form of hearsay testimony; in finding that Linda Alexander is the owner of the policy; and, most important, in designating Linda Alexander as the intended primary beneficiary.

AMBIGUITY
Appellants contend the trial court erred in finding that the life insurance policy issued by United to Robert Alexander was ambiguous.
An insurance policy is a contract which should be construed by applying the general rules of interpretation of written instruments set forth in the Civil Code. Louisiana Ins. Guar. Ass'n. v. Interstate Fire & Cas. Co., 93-0911 (La. 1/14/94), 630 So.2d 759. The courts are bound to give legal effect to all contracts and their terms, including insurance policies, according to the true intent of the parties, and the intent is to be determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. Baker v. Life Gen. Sec. Ins. Co., 405 So.2d 1162 (La.App. 1st Cir.1981); LSA-C.C. Arts. 2045, 2046. It is only where the agreement is unclear, ambiguous or will lead to absurd consequences that the court should go beyond the four corners of the written agreement to gather the true intention of the contracting parties. Id.
In the present case, our initial inquiry is whether the words used in designating the beneficiaries, when viewed in their totality, are clear and unambiguous. We have carefully examined the language of the insurance policy and application form, and conclude that the intention of the decedent cannot be fully ascertained from within the four corners of the contract because the beneficiary provision is incomplete, i.e., the space provided for the designation of a primary beneficiary is blank.
Our examination does not end here. Parol evidence is admissible to show that a written agreement was incomplete and not intended by the parties to exhibit the entire agreement. Guilbeau v. C & D Reprographics-Lafayette, Inc., 568 So.2d 206 (La.App. 3rd Cir.), writ denied, 571 So.2d 653 (La. 1990); Edwards v. State Through Dept. Of Corrections, 244 So.2d 69 (La.App. 1st Cir. 1971); Davies v. William W. Bierce, 114 La. 663, 38 So. 488 (La.1905).
Parol evidence was introduced in the case at bar in the form of testimony given by Linda Alexander, the widow of the insured, and Ronald Patton, the insurance agent who sold the policy to the insured. Their testimony is compelling and convinces us that the incomplete application form was not intended by the decedent to exhibit the entire agreement.
Of significant relevance is the testimony of Mr. Patton that Mr. Alexander communicated his intentions to him regarding the designation of primary and contingent beneficiaries. Mr. Patton testified that he, not Robert Alexander, transcribed the relevant information onto the application form and evidently failed to complete the form in the manner instructed.
Furthermore, there is no evidence that, subsequent to the delivery of the insurance policy to him, Mr. Alexander ever saw the insurance application form on which the beneficiaries were supposed to be specified so as to be alerted to the problem regarding the *834 absence on the form of the designation of a primary beneficiary. Mr. Patton testified that he never reviewed the policy itself with Mr. Alexander. Mrs. Alexander's testimony is consistent with Mr. Patton's testimony, and their testimony was unrefuted.
There are additional reasons to doubt that the decedent intended the incomplete insurance contract to represent the entirety of his intentions. Four of the five claimants in this case are explicitly named in the insurance application form as contingent beneficiaries. The appellants constitute two of the named contingent beneficiaries. Clearly, the decedent did not intend the appellants to be the primary beneficiaries of the proceeds in question. Linda Alexander is the fifth claimant. She is the widow of the decedent; she is the only family member who was present when the decedent designated the beneficiaries of his policy; and she is the only claimant who is not named in the beneficiary provision. The absence of her name is suspect, especially in light of the fact that she and her husband were simultaneously insured, and her husband would have been entitled to life insurance proceeds had she died first.
We conclude that the trial court was not manifestly erroneous in its determination that the designation of beneficiaries in the insurance contract was subject to more than one interpretation and, thus, ambiguous. The evidence is sufficient to support a finding that the language regarding the beneficiary is incomplete, unclear, and ambiguous; the intention of the decedent is not fully or adequately discernible from within the four corners of the contract as a whole. This assignment of error is meritless.

HEARSAY
The appellants next submit that the parol evidence relied upon by the trial court, which found that Mrs. Alexander was the intended primary beneficiary of the insurance policy, was erroneously admitted over the hearsay objections of their counsel.
Generally, parol evidence is inadmissible to vary, modify, explain, or contradict a writing. However, when a court determines as a matter of law that the terms of a written contract are susceptible to more than one meaning, or there is uncertainty or ambiguity as to a particular provision, or the intent of the parties cannot be ascertained from language employed, or fraud is alleged, extrinsic (parol) evidence is admissible to clarify ambiguity, show the intention of the parties, or prove fraud. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544, 92-1545 (La.App. 1st Cir. 3/11/94), 634 So.2d 466, writ denied, 94-0906 (La. 6/17/94), 638 So.2d 1094, reconsideration denied, 94-0906 (La. 7/1/94), 640 So.2d 258, reconsideration denied, 94-0906 (La. 9/16/94), 642 So.2d 185.
In ascertaining the intention of the parties to a contract, where it cannot be adequately discerned from the contract or agreement as a whole, the facts and circumstances surrounding the parties at the time of contracting are a relevant subject of inquiry. Henry v. Ballard & Cordell Corp., 418 So.2d 1334 (La.1982); LSA-C.C. Arts. 2050, 2053. Determining the intent of the parties becomes, in part, a question of fact. Eiche v. East Baton Rouge Parish School Board, 623 So.2d 167 (La.App. 1st Cir.), writ denied, 627 So.2d 657 (La.1993).
The testimony at issue is that of Mrs. Alexander and Mr. Patton which was offered to prove the probable intent of Robert Alexander, i.e., that he intended his wife to be the primary beneficiary of the policy. Mrs. Alexander and Mr. Patton testified as to the oral, unsworn, out-of-court statements made to them at the time the decedent designated the beneficiaries to his life insurance policy.
"Hearsay" evidence is testimony in court, or written evidence, of a statement made out of court which is being offered to show the truth of the matter asserted. LSA-C.E. Art. 801; Buckbee v. United Gas Pipe Line Co. Inc., 561 So.2d 76 (La.1990). The hearsay rule excludes all testimony regarding statements made out-of-court by a declarant who at the time of making the statements was not under oath, not in the presence of the trier of fact, and, thus, not subject to cross-examination. LSA-C.E. Art. 802; Buckbee v. United Gas Pipe Line Co. Inc., supra. It is not admissible except as otherwise provided by *835 the Louisiana Code of Evidence or other legislation. LSA-C.E. Art. 802.
The exceptions to the hearsay rule are set forth in LSA-C.E. Arts. 803 and 804. The hearsay testimony at issue in this case does not fall within any of the exceptions specified in LSA-C.E. Art. 803. Neither is there any assertion that the testimony falls within the first five exceptions enumerated in LSA-C.E. art. 804, which allows for the introduction of certain testimony where the declarant is unavailable. The dispute centers around the "catch-all" provision, LSA-C.E. Art. 804(B)(6), which states:
Other Exceptions. In a civil case, a statement not specifically covered by any of the foregoing exceptions [is admissible] if the court determines that considering all pertinent circumstances in the particular case the statement is trustworthy, and the proponent of the evidence has adduced or made a reasonable effort to adduce all other admissible evidence to establish the fact to which the proffered statement relates and the proponent of the statement makes known in writing to the adverse party and to the court his intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it.

. . . . .
In the case at bar, the appellee gave sufficient notice of the testimony to be used; thus, the only question is whether the hearsay evidence offered was sufficiently reliable and trustworthy to be admitted under LSA-C.E. Art. 804(B)(6). The trial court determined that it was. The appellants argue that the hearsay testimony should not have been admitted because it is self-serving, unreliable, and untrustworthy. They further argue that there are no external factors lending trustworthiness to the testimony of these witnesses. In their brief, they cite and discuss two cases in support of their argument: Jeansonne v. Bosworth, 601 So.2d 739 (La. App. 1st Cir.1992), writ application not considered, 614 So.2d 75 (La.1993); and Buckbee v. United Gas Pipe Line Co., Inc., 561 So.2d 76 (La.1990).
In Jeansonne v. Bosworth, supra, the plaintiff filed a legal malpractice suit against his attorneys, associated counsel, and the associated counsel's malpractice insurer. A codefendant sought introduction of the deposition of another defendant who had asserted his Fifth Amendment privilege. The deposition was admitted over the plaintiff's objection. The appellate court determined that the deposition in question was hearsay and should not have been admitted under any of the hearsay exceptions. It determined that the deposition testimony was not admissible under LSA-C.E. Art. 804(B)(6) because no prior notice was given and there was nothing about it which would have branded it inherently trustworthy.[1]
We find Jeansonne to have little bearing on the case sub judice. The appellate court in Jeansonne did not elaborate upon why it found nothing inherently trustworthy about the deposition. Without such information, we cannot sufficiently analyze, compare, and contrast Jeansonne and the present case with respect to the issue of reliability and trustworthiness. Jeansonne is otherwise distinguishable from this case.
The appellants also discuss Buckbee v. United Gas Pipe Line Co. Inc., supra. In Buckbee, a negligence suit was filed by the surviving wife and children of a man who died as a result of injuries sustained on the job when he applied an acetylene torch to a plug on a heater he was readying for service. The trial court refused to permit a co-worker to testify about two oral statements the decedent made just before the accident which indicated that the decedent had sought permission to apply heat to the plug and secured such permission. This hearsay was relevant to the question of whether the decedent acted reasonably or was contributorily negligent. The plaintiffs appealed and the appellate court affirmed the trial court's ruling.
The Louisiana Supreme Court reversed the court of appeal judgment and remanded the case to that court for renewed consideration, *836 stating that the trial court erred in excluding the decedent's statement that he had sought permission to heat the plug. However, the supreme court concluded that the trial court correctly excluded the co-worker's testimony concerning the decedent's statement that he secured permission to heat the plug. The court determined that the circumstantial guarantees of the statement's reliability were insufficient and the trustworthiness of the statement was not preponderately shown. It further determined that there was only one item of evidence which could have been interpreted as support for the properly excluded statement, and it was insufficient to offset the other equally plausible explanation.
The present case is distinguishable from Buckbee. Here, there is a preponderance of evidence to offset the other much less plausible explanation, i.e., that the decedent intended that his wife have no right to any of the life insurance proceeds, while explicitly naming her two children of a prior marriage as contingent beneficiaries to share in the proceeds equally with his biological children in the event there was no surviving primary beneficiary. If four of the claimants are named as contingent beneficiaries, and the decedent did not intend his wife, the only other claimant, to be the primary beneficiary, then whom did he intend to designate as the primary beneficiary? There is no evidence that the decedent intended any person not named in this suit to be his primary beneficiary. The facts in the record support the substance of the testimony offered by Mr. Patton and Mrs. Alexander.
The supreme court in Buckbee makes a reference to State v. Gremillion, 542 So.2d 1074 (La.1989), a case where it found that a decedent's statement, although hearsay, was admissible. In Gremillion, the court reversed the defendant's conviction based on its finding that the trial court erred in excluding oral, unsworn, out-of-court statements the victim made to a police officer seventeen days before he died. The court determined that the statement should have been admitted into evidence, even though it did not fit into any recognized exception to the hearsay rule. According to the court, the statement was reliable and trustworthy.
The present case is similar to Gremillion: the declarant was unable to be present or to testify at the trial because of his death; the declarant made the out-of-court statements to the witness at a critical point in time; the declarant's statement was consistent with a statement he made to another witness; the surrounding circumstances are consistent with the substance of the hearsay testimony; and there is no evidence which suggests that the hearsay testimony is untrustworthy.
Mr. Patton and Mrs. Alexander were the only two people present at the time the decedent designated the beneficiaries of his insurance policy and, thus, are the only ones who were in a position to know the intent of the decedent. Both witnesses testified that Mr. Alexander wanted Mrs. Alexander to be the primary beneficiary of his policy. Mrs. Alexander was his wife and she is the only claimant whom the decedent evidently did not intend to be a contingent beneficiary, yet she is the only claimant who was with the decedent when he purchased the policy. As previously stated, she and the decedent were insured simultaneously and her signature is on the policy, corroborating her testimony that they purchased insurance to financially protect each other. Mr. Patton, the insurance agent, testified that he never reviewed the policy with the decedent, and there is no evidence the decedent ever saw the incomplete application form subsequent to obtaining the policy so as to alert him to the fact that the application form was incomplete.
Mr. Patton served to gain nothing from admitting that he filled out the application and neglected to write Mrs. Alexander's name in the space provided for the designation of the primary beneficiary. To the contrary, he subjected himself to potential litigation.
The pertinent facts and circumstances of this case buttress the reliability and trustworthiness of the hearsay testimony at issue, which is well-corroborated. We conclude that the trial court was not manifestly erroneous in admitting the testimony of Mr. Patton and Mrs. Alexander over the hearsay *837 objections of appellants' counsel. This assignment of error is meritless.

OWNERSHIP OF INSURANCE POLICY
Finally, the appellants submit that the trial court erred in determining that the owner of Robert Alexander's policy is Linda Alexander. Life insurance proceeds, if payable to a named beneficiary other than the estate of the insured, are not considered to be part of the estate, but pass by virtue of contractual agreement to the named beneficiary. American Health & Life Insurance Co., 511 So.2d 1250 (La.App.2d Cir.1987). The proceeds belong to the designated beneficiary. Furthermore, the insurance policy at issue in the present case states that "if no named beneficiary survives the Insured, the proceeds will be paid to the owner if living; otherwise to the owner's estate."
The trial court concluded that Linda Alexander was the intended primary beneficiary of Robert Alexander's life insurance policy. Therefore, she alone is entitled to the proceeds of the policy, and whether or not she owns the policy is irrelevant. It would only have been relevant if the trial court had determined that the decedent's intention regarding a primary beneficiary was not ascertainable. Thus, we pretermit any further discussion of this issue.

CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs are assessed to appellants, Ronnie Alexander and Marshelle Alexander.
AFFIRMED.
NOTES
[1] However, the appellate court did not overturn the trial court's ruling because, although a timely objection was made at trial, no grounds for the objection were specified as required by law.