985 So.2d 1285 (2008)
Susan Eby NELSON
v.
Robert Allan NELSON.
No. 08-CA-85.
Court of Appeal of Louisiana, Fifth Circuit.
June 19, 2008.
Rehearing Denied July 14, 2008.
*1286 Sally D. Fleming, Owen M. Courreges, Muriel Van Horn, Attorneys at Law, New Orleans, LA, Gerard P. Archer, Attorney at Law, Metairie, LA, Alexander Peragine, Attorney at Law, Covington, LA, for plaintiff/appellant.
Laura J. Todaro, Neil D.W. Montgomery, Attorneys at Law, Kenner, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Appellant, Susan Eby Nelson, appeals from the district court's interpretation of a Consent Judgment concerning child support. The district court held that the lump-sum portion of Ms. Nelson's child support was to be paid retrospectively. *1287 Ms. Nelson contends that the payments were meant to be paid prospectively. Appellee, Robert Allen Nelson, answered and contends that the course of dealings between the parties supports the district court's interpretation. For the reasons that follow we affirm the judgment of the trial court.

Background:
Robert Nelson and Susan Eby Nelson were judicially divorced on March 11, 2003. On February 26, 2004, to resolve issues of child and spousal support, the parties signed a Consent Judgment relating to support. The relevant section of the judgment reads as follows:
IT IS ORDERED, ADJUDGED AND DECREED that Robert Allan Nelson will pay child support to Susan Nelson in the amount of Two Thousand ($2,000) per month.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that after April 15, 2004, Robert Nelson will pay an additional Seven Hundred Twenty-Five Dollars ($725.00) per month to Susan Nelson. That payment will be made in one lump sum on August 1 of each year.
On October 6, 2004, the parties executed an Amended Consent Judgment, which left Mr. Nelson's relevant child support obligations unchanged. The dispute which is the subject of this appeal is the $725.00 per month child support payment due in one lump sum on August 1st of each year. The reason given for this additional payment was that after April 15th, 2004 Ms. Nelson assumed the duties formerly undertaken by an au pair. Mr. Nelson has interpreted this lump-sum obligation as requiring him to make a retrospective payment. Ms. Nelson believes this payment should be paid prospectively. Consistent with his interpretation, Mr. Nelson transferred his first support payment of $1,875.00 to Ms. Nelson four days late on August 5, 2004, and made another payment of $662.50 on August 11, 2004. Mr. Nelson intended these payments to cover his interpreted lump sum obligation for the period from April 15, 2004 through July 31, 2004. Mr. Nelson claims he discussed this with his attorney, and she assured him the payments were intended to be paid retrospectively. Ms. Nelson claims she did not object in 2004 to Mr. Nelson's payment schedule because her attorney advised her to wait to object until the community property had been partitioned.
Mr. Nelson continued to pay his lump-sum payments retrospectively in 2005 and 2006. On August 29, 2005, Hurricane Katrina struck New Orleans and destroyed Ms. Nelson's home. Ms. Nelson relocated to Florida. According to Ms. Nelson, it was because of these events, that it was not until August of 2006 that Ms. Nelson hired new counsel and began to renew proceedings against Mr. Nelson.
On February 27, 2007, Ms. Nelson filed her Rule and Incorporated Memorandum to Make Past-Due Child Support Executory and for Attorney's Fees. Ms. Nelson alleges that Mr. Nelson has been consistently one year behind in his lump sum child support payments since the signing of the Consent Judgment, rendering him $8,700.00 in arrears before adding judicial interest. On April 30, 2007, Domestic Hearing Officer Karl Hansen conducted a hearing officer conference concerning the $8,700.00 arrearage issue in conformity with the 24th Judicial District Court Domestic Rules. Thereafter, Hearing Officer Hansen issued recommendations in favor of Ms. Nelson's prospective interpretation of the Consent Judgment:
H.O. recommends that child support payments should be made prospectively and the father shall pay a total of $8,700 in 3 small installments on May 15th, *1288 June 15th, and July 15th, 2007. Thereafter, the $8,700 to be paid prospectively by operation of law. Recommends no contempt atty's or costs of interest pending payment scheduled outline.
On May 3, 2007, Mr. Nelson formally objected to H.O. Hansen's recommendation regarding the $8,700.00 lump sum child support payment, arguing that the recommendation was not in accordance with the intent of the parties. On May 29, 2007 this objection was heard before the Hon. Kernan A. Hand. Testimony was taken from both Mr. and Ms. Nelson. Mr. Nelson thereafter submitted his Amended Post-Hearing Memorandum in Support of Robert Nelson's Objections to the Hearing Officer's Recommendations in which he argues that the payments were retrospective by virtue of a "course of dealings" that had developed between the parties.
On July 30, 2007, Judge Hand issued his Judgment and Reasons for Judgment. His order upheld Mr. Nelson's objections to H.O. Hansen's recommendation with respect to the lump-sum obligation. In pertinent part, the Judge ruled as follows:
The Court now turns to the issue of defendant's objection to the hearing officer's ruling that he is $8,700 in child support arrears and that he should pay this amount to his former wife in three installments. Again, we are dealing with a consent judgment (contract) between the parties. In this particular, the Court feels that the contract language (of the February 26, 2004 consent judgment) is unclear; therefore, we must look to the course of dealing between the parties to determine their intent. La.C.C. Art.2053.
The testimony of the parties in court establishes that, following the reduction of the original agreement to writing on February 26, 2004, and despite the fact that Mr. Nelson did not make a prospective $8,700 payment to Mrs. Nelson on August 1, 2004 (he did make a retrospective payment of $725.99 per month for the months of April 15, 2004 to August 1, 2004) she did not raise the issue at the time of an Amended Consent Judgment Relating to Support on October 6, 2004; nor did she raise the issue at any other time during the intervening years between 2004 and 2006. The Court feels that the evidence supports the conclusion that the intent of the parties at the time of the confection of the contract was not to make the $8,700.00 payment prospective. Therefore, the court upholds defendant's objections to the hearing officer's ruling and finds that the defendant does not owe $8,700 in arrears to plaintiff.
From this judgment, Ms. Nelson filed the instant appeal.

Assignments of Error:
Appellant presents three assignments of error:
1. Whether there was sufficient evidence, as a matter of law, for the Judgment insofar as it relied on the proposition that Susan Eby Nelson "did not raise the issue [of whether the contractual lump-sum child support was payable retrospectively] at the time of the Amended Consent Judgment Relating to Support on October 6, 2004; nor did she raise the issue at any other time during the intervening years between 2004 and 2006".
2. Whether, alternatively, the judgment was manifestly erroneous insofar as it interpreted the lump-sum payment as being payable retrospectively based upon the evidence asserted therein.
3. Whether the judgment committed legal error in finding it permissible to interpret contractual lump-sum *1289 child support as being payable retrospectively, for support obligations already accrued.

Assignments of error one and two:
Appellant first argues that, assuming the language of the consent judgment is ambiguous, the trial court erred in finding that retrospective payment of the annual support was the intent of the parties, as evidenced by their course of conduct. The appellant argues here that the court erred particularly in this regard by focusing on two pieces of evidence: (1) Ms. Nelson's alleged failure to raise the issue of the lump-sum obligation following Mr. Nelson's tender of the initial retrospective payments prior to the signing of the Amended Consent Judgment; and (2) Ms. Nelson's failure to raise the issue of deficient payments at any time between October 2004 and 2006. Appellant argues that this was not valid evidence of Ms. Nelson's intentions and, therefore, Judge Hand's ruling should be overturned because it is based on insufficient evidence.
As to the standard of review, Appellant argues that "Sufficiency of the evidence is a question of law, not one of fact" necessitating de novo review. Appellant cites for this proposition Hall v. Folger Coffee Company, 03-1734 (La.4/14/04), 874 So.2d 90, 106. The standard of review as enunciated in that case by Chief Justice Calogero, writing for the majority at page 98 is, however, the manifest error standard:
In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a district court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Cenac v. Public Access Water Rights Ass'n, 2002-2660, p. 9, (La.6/27/03), 851 So.2d 1006, 1023. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. Id. The reviewing court should affirm the district court where the district court judgment is not clearly wrong or manifestly erroneous. Id. at 9-10, 851 So.2d at 1023.
At page 99 of the Hall case Justice Calogero discusses the dissenting position:
We are aware of the position of the dissenting justices that a "sufficiency of the evidence" challenge involves a legal question to which the de novo standard of review should be applied. It should be noted however that this court has already rejected that argument in Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112 (La.7/5/94), 639 So.2d 216 and, more recently, by unanimous vote in Nabors Drilling USA v. Davis, XXXX-XXXX (La.10/21/03), 857 So.2d 407, 416.
Hall, supra at 99.
Specifically with regard to Rules of Make Past Due Child Support Executory, it is the mover in rule who bears the burden of proof. The moving party must substantiate her claim with credible testimony that supports her claim. Lavergne v. Lavergne, 556 So.2d 918, 919 (La.App. 3 Cir.1990) citing Singleton v. Singleton, 423 So.2d 791 (La.App. 4 Cir.1982) writ denied, 427 So.2d 1210 (La.1983). Furthermore, the finding of the trial court will not be disturbed unless the record establishes that a factual, reasonable basis does not exist and the finding is clearly wrong or manifestly erroneous. Under the manifest error standard of review, the only issue to be resolved by the appellate court is whether the trial court's conclusion was a reasonable one. Rachal v. Rachal, 35,074 (La.App. 2 Cir. 10/12/01) 795 So.2d 1286, 1288.
*1290 Therefore, we decline to conduct a de novo review of the trial court's judgment in this matter.
Because we are reviewing the propriety of the trial court's judgment by the manifest error standard, we will first address the trial court's finding that the contract is ambiguous, thereafter, the trial court's application of La.C.C. art.2053 to its analysis of the contract between the parties and finally, whether the trial court correctly relied upon the facts it elucidated in its reasons for judgment and was within its sound discretion in its decision.
Mr. and Ms. Nelson entered into their child support agreement by means of a consent judgment. A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. McDaniel v. McDaniel, 567 So.2d 748, 750 (La.App. 2 Cir.1990); Braning v. Braning, 449 So.2d 670 (La.App. 4 Cir.1984); La.C.C. art. 3071. As such, it should be governed by the same rules of construction that apply to contracts. Brignac v. Brignac, 698 So.2d 953, 956 (La.App. 3 Cir. 6/18/97). It is well settled that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Sharpe v. Sharpe, 536 So.2d 434, 437 (La.App. 4th Cir.1988). LSA-C.C. art.2046. The meaning and intent of the parties to a written instrument, including a compromise, is ordinarily determined from the four corners of the instrument. Robinson v. Robinson, 99-3097 (La.1/17/01), 778 So.2d 1105, 1122. Thus, before going further, it is necessary to determine if the language of the consent judgment provides clear instruction as to whether the Nelsons intended the lump sum child support payments to be paid prospectively or retrospectively.
The part of the consent judgment, rendered on February 26, 2004, pertaining to the lump sum child support payments reads as follows:
IT IS FURTHER ORDERED, ADJUGED AND DECREED that after April 15, 2004, Robert Nelson will pay an additional Seven Hundred Twenty-Five Dollars ($725.00) per month to Susan Nelson. That payment will be made in one lump sum on August 1 of each year.
On its face, this order could be interpreted in two ways. First, that on August 1, 2004, Robert Nelson was to pay Susan Nelson $725.00 per month for the period that had already elapsed between April 15, 2004 and August 1, 2004. This would be a retrospective interpretation. Second, that on August 1, 2004, Robert Nelson was to pay Susan Nelson $725.00 per month for the period that had already elapsed between April 15, 2004 and August 1, 2004 in addition to a lump sum payment for the period between August 1, 2004 and August 1, 2005. This would be a prospective interpretation. Either interpretation can be reasonably ascertained from the four corners of the consent judgment. Based on the language of the consent judgment alone, we are unable to conclude whether the parties intended for the lump sum child support to be paid prospectively or retrospectively. Therefore, we find that the district court was correct in finding that the contract was ambiguous on its face.
When the language of a contract is ambiguous it is proper to go outside the four corners of the instrument and use extrinsic evidence to determine the parties' intent. Derbes v. GBS Properties, Inc., 902 So.2d 1109, 1111-1112 (La.App. 5 Cir. *1291 4/26/05). Louisiana Civil Code art.2053 provides:
A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract and of other contracts of a like nature between the same parties.
In determining the intent of the parties where the language of a contract is ambiguous, courts have relied on various sources of extrinsic evidence. Terrell v. Alexandria Auto Co., Inc., 12 La.App. 625, 125 So. 757 (La.App. 2 Cir.1930); Walker v. Walker, 01-1202, 01-1203 (La.App. 5 Cir. 5/15/02) 817 So.2d 496, 498; United Investors Life Insurance Co. v. Alexander, 27,466 (La.App. 2 Cir 11/1/95) 662 So.2d 831, 833. In Book v. Schoonmaker, the Louisiana Supreme Court, in discerning the intent of the parties, looked to the manner in which the operations under the agreement were conducted, stating:
It is to be assumed, however, that the clause in question does not itself clearly disclose what the parties had in mind, their intention may and can be determined by the manner in which operations under the agreement were conducted. Book v. Schoonmaker, 210 La. 94, 26 So.2d 366, 369 (La.1946).[1]
Schoonmaker, supra at 369 (footnote added)
In Book v. Schoonmaker, the court relied on testimony which related several conversations between the parties. From this, the court made its determination of the intent of the parties based on the manner in which the parties had operated under the agreement.
The trial court in this case was, therefore, correct in looking to the course of conduct of the parties particular to the lump sum child support payment as evidence of their intent as to the retrospective or prospective nature of the payments.
The record is silent regarding the intentions of the parties before the consent judgment was signed. However, after the judgment was signed the parties established a course of conduct pertaining to the lump sum child support. A review of the record shows that Mr. Nelson has been making the lump sum payments on a retrospective basis since 2004 with little, if any, protest from Mrs. Nelson.
At the May 29, 2007 hearing Ms. Nelson testified that in 2004, after the first lump sum payment was made, she discussed the amount of the payment with Mr. Nelson via e-mail and telephone, informing Mr. Nelson that it was her belief that the lump sum payments were to be made prospectively. According to her testimony, Mr. Nelson acknowledged the dispute and said, "He was going to make a unilateral decision" since the judgment was silent.
After having this discussion with her husband, Ms. Nelson testified she went to Phil Whitman, her attorney at the time, and he advised her to put the matter off until the settlement of the community property. Ms. Nelson admitted that the community property issues to which Mr. Whitman was referring were settled on *1292 October 2004. Ms. Nelson did not file her rule on this issue until February, 2007.
On June 30, 2005, the Nelsons discussed child support payments over e-mail. In the email Mr. Nelson says: "I have never been late with a payment  70 payments in 2 years, 11 months". Ms. Nelson replied: "I totally acknowledge that you are never late with a payment and I want you to know how much I appreciate this fact". Mr. Nelson asserts this e-mail evidences Ms. Nelson's belief that the payments were retrospective in nature, and not in default. But, Ms. Nelson responds that she made this statement "under duress". According to Ms. Nelson, Mr. Nelson would not timely make future payments unless she asserted he had been timely in the past. However, Ms. Nelson has provided no evidence to support this position.
On October 6, 2004, after the first lump sum payment, the parties signed the Amended Consent Judgment. The nature of the lump sum payments was not raised either during the negotiations on the October, 2004 Amended Consent Judgment, or after that Judgment was executed. While Ms. Nelson testified that her attorney's strategy was not to raise the issue until after the community property issue had been resolved, the issue was not in fact raised thereafter for years. In August 2005, before Hurricane Katrina struck, Robert Nelson made another retrospective payment without Ms. Nelson or her attorney raising the issue with the court. While Ms. Nelson argues that Hurricane Katrina displaced her in August, 2005, the testimony was that she had returned to New Orleans in 2006 but did not file her rule until February, 2007. While Ms. Nelson argues that the long delay was storm related, in fact, years had passed.
The lump sum payments were made for three years without Ms. Nelson seeking redress from the court. The evidence supports the district court's finding that a course of conduct existed between the parties and that, based upon their course of conduct, Mr. Nelson intended the payments to be retroactive and Ms. Nelson acquiesced. Therefore we find that the trial court did not err in finding the contract language was ambiguous, in applying LSA-C.C. art.2053 to look at to Nelson's course of conduct as evidence of the parties' intent, and in finding the course of conduct reflected that the Nelsons intended that the lump sum child support payments be paid retrospectively.

Assignment of error three:
Appellant asserts that, as a matter of law, it is impermissible to interpret child support as being payable retrospectively. Ms. Nelson contends that the nature of child support dictates prospective payments as a matter of public policy. Therefore, assert Ms. Nelson, interpretation of this contract to render the lump sum child support payments retroactive would be contra bonus mores.
Louisiana Civil Code art. 227 describes child support as follows:
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
Appellant contends that the term "support" dictates that the payments be prospective, because retrospective payments are more accurately defined as reimbursements. Further, Ms. Nelson argues that La.R.S. 9:315.21 presumes that child support must be paid prospectively. The statute reads:
Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
*1293 According to Ms. Nelson's interpretation of this statute, the rendering of child support retroactive to the date of judicial demand presumes that the obligation is prospective.
It is well-settled that parties have freedom to contract for any object that is lawful, possible, and determined or determinable. La.C.C. art.1971. The freedom of contract "signifies that parties to an agreement have the right and power to construct their own bargains." Louisiana Smoked Products, Inc. v. Savoie's Sausage and Food Products, Inc., 96-1716, 96-1727 (La.7/1/97), 696 So.2d 1373, 1380-1381 (citing Blake D. Morant, Contracts Limiting Liability: A Paradox with Tacit Solutions, 69 Tul.L.Rev. 715 (1995)). The only exceptions to this rule are where the government or the state has restricted the parties' right to contract because the proposed bargain has a deleterious effect on the public or otherwise violates public policy. Louisiana Smoked Products, 696 So.2d at 1381.
While appellant's argument is compelling, the contention that retrospective payments and reimbursements are contra bonus mores is not supported by Louisiana Jurisprudence. To the contrary, many child support judgments contain retroactive components. The First Circuit has affirmed a judgment which ordered a father to maintain policies of medical and dental insurance on his two minor children, and ordered the mother to reimburse him for twenty-three percent of the amount of the premium. Bertrand v. Bertrand, 637 So.2d 531 (La.App. 1 Cir.1993). In another instance, the Fourth Circuit affirmed a judgment which ordered the former husband to reimburse his former wife for tuition and related expenses of their son. Hester v. Hester, 01-380 (La. App. 4 Cir. 12/12/01), 804 So.2d 783, 783.
Further, a review of this subject in jurisdictions outside of Louisiana suggests that child support can exist by means of reimbursements and retrospective payments. In one instance, the Utah Supreme Court held that child support money can fall into two categories: "First, the current and ongoing right of a child to receive support money from his father (parent); and second, the right to receive reimbursement for support of a child after that has been done. As to the second, suppose a father (parent) fails over a period of time to furnish support of the child, and the mother, or someone else, furnishes it. That person then has the right to claim reimbursement from the parent, the same as any other past debt. This right of reimbursement belongs to whoever furnished the support; and it is subject to negotiation, settlement, satisfaction or discharge in the same manner as any other debt." Baggs v. Anderson, 528 P.2d 141 (Utah 1974). Similarly, the Supreme Court of Alaska has recognized that a parent is entitled to claim reimbursement from the other parent for their share of reasonable child care expenditures, even though there has been no court order for support at time of divorce. Matthews v. Matthews, 739 P.2d 1298 (Alaska 1987), superceded in part by statute as recognized in Vachon v. Pugliese, 931 P.2d 371, 381 (Alaska 1996). Because the notion of reimbursements and retroactivity are cognizable in theories of child support, public policy is not offended by retroactive child support payments. A retrospective interpretation of the Nelson's consent judgment cannot be annulled on the basis of contra bonus mores.

Attorney's fees:
In her rule filed in the district court Ms. Nelson prayed for attorney's fees. The trial court did not, in its July 30, 2007 judgment award attorney's fees. Under La.R.S. 9:375 "When the court renders *1294 judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party." Ms. Nelson is not the prevailing party and, therefore, is not entitled to attorney's fees. Mr. Nelson did not ask this court to award him attorney's fees.
For the forgoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] In Book v. Schoonmaker, infra. The court relied upon R.C.C. article 1956, a predecessor to La.C.C. art.2053, which provides: "When the intent of the parties is doubtful, the construction put upon it by the manner in which it has been executed by both or by one with the express or implied consent of the other furnishes a rule for its interpretation." La. C.C. art 2053 was revised in 1984. It clarifies the law by providing that the courts may resort to equity for guidance only when the meaning of a provision is in doubt. In this Article, the meaning of "conduct of the parties before and after the formation of the contract" is similar to that of "course of dealing" as used in Section 1-205 of the Uniform Commercial Code.