IN RE: SUCCESSION OF
BETTIE MARTIN CATCHINGS

NO. 22-CA-460

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 798-037, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING

September 06, 2023

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst

<u>**AFFIRMED**</u>
   **SJW**
   **MEJ**
   **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
NANCY SUE GREGORIE, INDEPENDENT EXECUTRIX OF THE
SUCCESSION OF BETTIE MARTIN CATCHINGS
        Beau P. Sagona
        Bryan J. O'Neill

COUNSEL FOR PLAINTIFF/APPELLANT,
MARY "PENNY" THOMPSON
        William D. Aaron, Jr.
        DeWayne L. Williams
        Thomas A. Robichaux

**WINDHORST, J.**

Appellant, Ms. Mary P.A. Thompson, appeals the trial court's July 19, 2022 written judgment, declaring that Ms. Bettie Marie Catchings' transfer on death ("TOD") beneficiary designation[1] of a brokerage account in favor of Ms. Thompson for the Lord, Abbett & Co., LLC account ending in 7462 is invalid and ordering that the funds in the account belong to Ms. Catchings' estate. For the following reasons, we affirm the trial court's judgment.

**FACTS and PROCEDURAL HISTORY**

Ms. Catchings, a resident of Jefferson Parish, Louisiana, died testate on July 17, 2019. Ms. Catchings never married and never had children. She executed a last will and testament on March 9, 2017 in which she named Nancy Sue Gregorie as the executrix. In her last will and testament, Ms. Catchings' first bequest was to her cousin, Ms. Thompson, upon whom she bestowed most of her furnishings and household goods.

At the time of her death, Ms. Catchings maintained two brokerage accounts with Lord Abbett. She did not mention either of these accounts in her will. Approximately nine months after executing her last testament, in December 2017, Ms. Catchings converted one of her Lord Abbett accounts into a transfer on death stock account, in which she named her cousin, Ms. Thompson, as the beneficiary. The TOD designation form stated that "If you reside in a state that has adopted the Uniform Transfer on Death Registration Act, you may designate a beneficiary who will automatically own the account assets upon your death, outside of probate or other court proceedings."

On August 6, 2019, Ms. Gregorie filed a petition to file and execute Ms. Catchings' testament and for confirmation of independent executrix. That same day,

---

[1] The purpose of TOD designation is to enable an owner of a mutual fund account to designate one or more beneficiaries to receive the shares in the account upon the owner's death, outside of probate.

Ms. Gregorie was also confirmed as the independent executrix of Ms. Catchings' succession.

Subsequently, in her capacity as independent executrix of Ms. Catchings' estate, Ms. Gregorie filed a petition for declaratory judgment in the succession solely regarding the Lord Abbett account, of which Ms. Catchings had designated the appellant, Ms. Thompson, as beneficiary.[2] In the petition, the executrix sought a declaration from the court that the TOD designation form was invalid, and that the funds formerly held in the Lord Abbett account be declared succession funds to which appellant was not entitled. Upon receipt of the petition for declaratory judgment regarding the account, Lord Abbett transferred the funds into the estate account where they remain pending resolution of this litigation.

The executrix and Ms. Thompson filed competing motions for summary judgment regarding the validity of the TOD designation form. The executrix asserted in her motion for summary judgment that the TOD designation form in favor of the appellant was invalid because the Louisiana Uniform Transfer on Death Security Registration Act did not become effective until January 1, 2022, after Ms. Catchings died in 2019. The executrix also argued that under La. C.C. art. 1570, a disposition *mortis causa* may be made only in the form of a testament authorized by law, that the TOD designation form did not meet Louisiana law requirements for either a handwritten or notarial testament, and that there was no statutory exception to these requirements during Ms. Catchings' lifetime. The executrix relied on the Succession of Angus case rendered on January 12, 2022 by the Louisiana Second Circuit Court of Appeal, in which the Second Circuit found the TOD designation

---

[2] The petition named as defendants, Ms. Thompson and Lord Abbett. Lord Abbett never appeared and the trial court entered a judgment of default as to Lord Abbett. As Lord Abbett has transferred the funds from the relevant account into the estate's account pending resolution of this litigation, its nonappearance and default is inconsequential to this appeal.

22-CA-460                                      2

form at issue in that case invalid. <u>Succession of Angus</u>, 54,180 (La. App. 2 Cir. 1/12/22), 333 So.3d 555.

In her motion for summary judgment, Ms. Thompson, the appellant, asserted that no one disputed it was Ms. Catchings' intent to name her as the beneficiary of the account, and that this intent should be honored given a person's right to dictate the distribution of their assets upon death, a person's freedom to contract, and Louisiana Investment Security laws, La. R.S. 10:8-101 *et seq.* Ms. Thompson relied on the <u>Succession of Schimek</u> case rendered by the Louisiana Fourth Circuit Court of Appeal on June 10, 2020, in which the Fourth Circuit found the TOD designation form at issue in that case valid. <u>Succession of Schimek</u>, 19-1069 (La. App. 4 Cir. 6/10/20), 302 So.3d 78. Ms. Thompson also argued that the Louisiana Legislature's passage of the Uniform Transfer on Death Security Registration Act indicates that TOD designation forms are not against public policy and, thus should not be found invalid under Louisiana law.

The trial court denied Ms. Thompson's motion, granted the executrix's motion, and declared the TOD designation form invalid under Louisiana law. As a result, the trial court ordered that the funds belonged to the estate. In oral reasons provided in open court, the trial court stated that the TOD designation form was contrary to the Louisiana public policy in favor of honoring testaments and requiring that assets pass through succession proceedings after the owner's death. The trial court found the Second Circuit case more persuasive, and specifically referred to its reasoning that Louisiana has carved out very limited explicit exceptions that allow for non-probative transfer of assets, and that a TOD designation form for a brokerage account such as Ms. Catchings' account was not one of them. The trial court also noted that the recently passed Louisiana Uniform Transfer on Death Act does not permit ownership of a security to be passed at death to decedent. Instead, the beneficiary is limited to the ability to register the security under his own name. In

finding the TOD designation form invalid, the trial court noted that preventing the transfer of ownership at death to a TOD beneficiary is evidence of the strong public policy favoring the transfer of ownership of assets after death through successions.

This appeal followed.

**LAW and ANALYSIS**

Appellate courts review summary judgments *de novo* using the same criteria as the trial courts to determine whether summary judgment is appropriate. Neville v. Redmann, 22-175 (La. App. 5 Cir. 12/31/22), 356 So.3d 568, 575, writ denied, 23-126 (La. 4/4/23). Therefore, appellate courts consider the same questions as the trial court: whether there is any genuine issue of material fact, and whether mover is entitled to judgment as a matter of law. Id. at 575. Courts must decide whether to grant a motion for summary judgment based on the substantive law applicable to the case. Ducote v. Whitney Nat'l Bank, 16-574 (La. App. 5 Cir. 2/22/17), 212 So.3d 729, 732, writ denied, 17-0522 (La. 5/26/17), 221 So.3d 860.

An individual acquires the ownership of things or property by succession either testate or intestate, by the effect of obligations, and by the operation of law. La. C.C. art. 870 A. Testate and intestate succession rights are governed by the law in effect on the date of the decedent's death. La. C.C. art. 870 B. Louisiana law has a few specific exceptions to the general rule that a decedent's property owned at death passes to her heirs through her succession. Those exceptions include the non-probate disposition of retirement accounts, life insurance, annuities, and deposit and savings accounts, credit union accounts, and savings and loan associations accounts. Succession of Angus, 54,180 (La. App. 2 Cir. 1/12/22), 333 So.3d 555, 560. In the absence of a specific exclusion from Louisiana property and succession law, assets of a decedent remain subject to distribution under controlling Louisiana law. Id.

The parties in this matter dispute the validity of a TOD designation form for one of the decedent's brokerage accounts. A TOD designation form allows for the

disbursement of funds by banks and certain savings institutions upon a depositor's death, notwithstanding a contrary designation in the depositor's will. Succession of Angus, 333 So.3d at 560-61.

Many states have statutorily authorized TOD designation forms based on the Uniform Transfer on Death Security Registration Act (the "Uniform Act") drafted by the National Conference of Commissioners on Uniform State Laws in 1989 and amended in 1998. Id. The Uniform Act allows securities owners to register their shares, and mutual funds accounts in a TOD designation form, which permits a non-probate transfer of securities accounts. Succession of Schimek, 302 So.3d at 87. The prefatory note of the Uniform Act states that "TOD registration achieves for securities a certain parity with existing TOD and pay-on-death (POD) facilities for bank deposits and other assets passing at death outside the probate process." Id.

In this appeal, appellant, Ms. Thompson, asserts the trial court erred in finding Ms. Catchings' TOD designation form invalid and contrary to public policy in Louisiana, in granting appellee's motion for summary judgment, and in denying her motion for summary judgment. She argues that the TOD designation form is valid and relies on the Louisiana Fourth Circuit Court of Appeal's decision in Succession of Schimek, *supra*. The Schimek court held that the TOD designation in that case was not contrary to Louisiana law or against public policy and, thus was valid. Id. at 90-91.

Appellee, the executrix, asserts the TOD designation form is invalid and relies on the Louisiana Second Circuit Court of Appeal's decision in Succession of Angus, *supra*. The Angus court held that the TOD designation form in that case was invalid and contrary to Louisiana law and public policy. Id. We discuss the reasoning of both of these cases below.

**Succession of Schimek**

The Fourth Circuit, in finding the TOD designation form valid, reasoned that the Louisiana legislature has neither explicitly authorized nor specifically prohibited TOD designation forms for securities accounts, but it has authorized the non-probate transfer to designated beneficiaries for retirement accounts, life insurance, pensions, and certain bank accounts. Id. at 91. Based on this legislation allowing the transfer of similar assets by designation of a beneficiary, the Fourth Circuit found support for declaring the TOD designation in that case valid. Id.

The Fourth Circuit rejected arguments that the TOD designation form was invalid based on Louisiana's compelling state interest in requiring donations be in authentic form to ensure that the true intent of the donor was carried out. Id. Because there was no dispute regarding the decedent's intent as to the intended beneficiary of the accounts at issue, the Fourth Circuit found there was no basis to warrant the court refusing to honor the decedent's TOD designation form. Id.

Further, with regard to Louisiana's public policy of protecting forced heirs and the community property regime, the Fourth Circuit indicated that the record did not reflect that forced heirship was an issue in the case, or that the accounts at issue were a part of the community property regime. Id.

**Succession of Angus**

The Second Circuit, in finding the TOD designation form at issue invalid, concluded that Louisiana law has carved out specific and limited exceptions for certain assets to be transferred at death without probate, and a TOD designation form from brokerage accounts is not included among them. Succession of Angus, 333 So.3d at 563. It also concluded that Louisiana has a strong public policy interest in honoring a decedent's last will and testament, and that allowing the TOD designation form to transfer community assets after Mrs. Angus' death to someone other than

the residual legatee identified in her later-executed testament is antithetical to this policy interest. Id.

In Angus, the Second Circuit reasoned that the Uniform Act allowing TOD designation forms is intended to simplify the process of transferring assets to beneficiaries outside of the probate process in states where that process can be slow and expensive, but in Louisiana, the probate process is usually easier, quicker, and less expensive than in the common law states. The Second Circuit rationalized that this influenced the Legislature to refuse to adopt the Uniform Act on the six different occasions that it considered the legislation over the past 24 years. Id.

The Second Circuit recognized that the Louisiana Legislature had recently adopted the Uniform Act, but pointed out that the version that the Legislature adopted deviated from the Uniform Act to adapt to Louisiana law. La. R.S. 9:1711 *et seq*. The court referred to the comments stating that Louisiana's version of the Uniform Act is significantly modified and stated the following:

> The Louisiana Uniform TOD Act, unlike the Uniform Act, does not transfer the ownership of the security to the named beneficiary upon the death of the registered owner. Rather, it provides that the named beneficiary can reregister the account in his name. Because there is no ownership transferred, the heirs or legatees of the decedent may be entitled to ownership of the security, even if the beneficiary may have the security reregistered in his name. In fact, those heirs or legatees have the ability under Louisiana law to seek a revendicatory action to recover the security or recover damages if recovering the security is not possible. See, La. C.C. art. 526; La. R.S. 9:1711.6 D.

Succession of Angus, 333 So.3d at 562.

In reaching its conclusion, the Second Circuit distinguished the Schimek from the Angus case in that the decedent in Schimek had executed the TOD designation form after his will and confirmed his beneficiary designations via a letter dated after the TOD designation form was executed. In Angus, the decedent executed her will eight months after she signed the TOD designation form and her will did not refer to or confirm any TOD beneficiary designation of the account at issue. In addition,

the Angus will was particularly clear that each of her children would receive a specific bequest of $10,000 from her estate, and that the entire remainder of her estate would pass to her husband.

The two cases were further distinguishable by the TOD designation forms used in each case. In Angus, the TOD form was extremely brief and did not state that it was intended to pass assets to beneficiaries outside of the probate process. The Schimek form specifically disclosed that it may not constitute an effective transfer instrument and to consult with estate planning and tax professionals.

**Ms. Catchings' TOD Designation Form**

We have considered how both of these cases relate to the TOD designation form in the present case. Like in Schimek, Ms. Catchings, the decedent, executed the TOD designation form after she executed her will, and there is evidence supporting that Ms. Catchings intended for appellant, the designated beneficiary, to receive the proceeds of the account outside of probate. Ms. Catchings and Ms. Thompson were very close, and she was the first person mentioned in her will.

While we recognize that the purported intent of Ms. Catchings was for Ms. Thompson to receive the proceeds from the brokerage account through the TOD designation form, we are compelled to apply the dictates of the Louisiana Civil Code as intended and written by the Louisiana Legislature. Taking into consideration the language of La. C.C. arts. 870 and 1467, we see that the transfer of ownership of things or property is acquired by succession either testate or intestate, the effect of obligations, and operation of law, and that property can neither be acquired nor disposed of gratuitously except by donations *inter vivos* or *mortis causa*, made in one of the forms established by law.

We have at issue in this case a donation *mortis causa*. A donation *mortis causa* is an act to take effect at the death of the donor by which he disposes of the whole or a part of his property. La. C.C. art. 1469. A disposition *mortis causa* may

be made only in one of the two forms of testaments authorized by law, olographic and notarial. La. C.C. arts. 1570 and 1574. The formalities for the execution of a testament must be observed or the testament is absolutely null. La. C.C. art. 1573.

The TOD designation form does not comply with the requirements of an olographic or notarial testament. The TOD designation form is not handwritten by Ms. Catchings, and it is not dated, as required for an olographic will. La. C.C. art. 1575. The TOD designation form also does not contain any of the requirements for a notarial will. La. C.C. art. 1576. Because it does not comply with the requirements prescribed for a valid testament, we cannot conclude that it is a valid donation *mortis causa* unless it falls within an exception.

As recognized by both the <u>Schimek</u> court and the <u>Angus</u> court, Louisiana law has carved out only very limited specific exceptions to the general rule that property owned by a decedent at death will pass to her heirs via succession. Those exceptions are the non-probate disposition of retirement accounts,[3] life insurance,[4] annuities,[5] and deposit and savings accounts, credit union accounts, and savings and loan associations accounts.[6] <u>Succession of Angus</u>, 333 So.3d at 560; <u>Succession of Schimek</u>, 302 So.3d at 91. We do not believe that the TOD designation form for a brokerage account falls within these exceptions. In addition, while we acknowledge the <u>Schimek</u> court's logic that the Legislature has neither explicitly authorized nor specifically prohibited TOD transfers for brokerage accounts, we do not agree that the TOD form can be used to circumvent application of the Civil Code relative to the transfer of things and property via succession law.

We acknowledge that after Ms. Catchings' death, during the 2021 regular legislative session, the Louisiana Legislature adopted its own version of the Uniform

---

[3] La. R.S. 9:2449.
[4] La. R.S. 22:912 A.
[5] La. R.S. 22:912 B.
[6] La. R.S. 6:314, 6:653.1, 6:766.1, and 6:1255.

Act. Because Ms. Catchings died before the passage of the Louisiana Uniform Act, it does not apply here. Testate and intestate succession rights are governed by the law in effect on the date of the decedent's death. La. C.C. art. 870 B. Nonetheless, like the Second Circuit, we believe the Louisiana Uniform Act speaks of the legislative intent and perspective on TOD designation forms.

We point out certain pertinent provisions of the Louisiana Uniform Act below. La. R.S. 9:1711.2 provides as follows:

> A. A security may be registered in beneficiary form if the form is authorized by this or a similar statute of the state of organization of the issuer or registering entity, the location of the registering entity's principal office, the office of its transfer agent or its office making the registration, or by this or a similar statute of the law of the state listed as the owner's address at the time of registration. A registration governed by the law of a jurisdiction in which this or similar legislation is not in force or was not in force when a registration in beneficiary form was made is nevertheless presumed to be valid and authorized as a matter of contract law.
>
> B. The registration in beneficiary form shall be executed by the owner in authentic form or an act under private signature executed in the presence of two persons.

La. R.S. 9:1711.4 states that "A registration of a security in beneficiary form does not constitute a donation *inter vivos* or *mortis causa*." La. R.S. 9:1711.5 provides that "security registered in beneficiary form may be registered in the name of the beneficiary or beneficiaries who survived the death of all owners, in compliance with this Chapter, but this registration in the name of the beneficiary or beneficiaries *has no effect on ownership*." [Emphasis added.]

These parts of the Louisiana Uniform Act lend support to stricter adherence to Louisiana succession law and the transfer of the proceeds of these accounts via probate. The comments to La. R.S. 9:1711.5 note that the Louisiana Uniform Act is loosely based on the Uniform Act, but with significant modifications. Most notably, Louisiana's version differs from the Uniform Act insofar as it does not effectuate a transfer of ownership to the named beneficiary after the death of the registered owner. Instead, it provides only that the security can be reregistered in the name of

the beneficiary. Because the Louisiana Uniform Act does not allow the transfer of ownership of the security to the named beneficiary, other parties, such as heirs or legatees of the decedent, may be entitled to ownership of the security even though the named beneficiary may have the security reregistered in his name. As a result, the heirs or legatees may file a revendicatory action[7] to recover the security or damages if recovering the security is not possible. <u>Succession of Angus</u>, 333 So.3d at 562. In addition, the Act expressly provides that the registration of a security in beneficiary form does not constitute a donation *inter vivos* or *mortis causa*. La. R.S. 9:1711.4.

Considering the legislative intent expressed through the Act, we cannot find that the TOD designation form transferred ownership of the Lord Abbett brokerage account to Ms. Thompson based on the reasoning that the non-probate transfer of *similar* assets is expressly provided for by law at the time of Ms. Catchings' death. Thus, we agree with the Second Circuit that the TOD designation form does not comply with Louisiana law.

In concluding the TOD designation form in this case is invalid, the trial court, in its oral reasons, referred to the "pervasive public policy in Louisiana in honoring testaments and requiring that assets pass through succession proceedings after the death of the owner." The Fourth and Second Circuits presented differing views on this issue. While the Second Circuit distinguished the <u>Angus</u> case from the <u>Schimek</u> case, it ultimately concluded, unlike the Fourth Circuit, that the TOD designation form at issue in that case violated Louisiana public policy.

Louisiana has a strong public policy favoring the transfer of ownership of assets after death through succession. Nonetheless, an individual's freedom to contract and giving effect to a testator's intent are also important public policy considerations. It appears that our legislature has resolved those competing public

---

[7] Under La. C.C. art. 526, the owner of a thing has the right to recover it from anyone who possesses it without right and to obtain judgment recognizing his ownership and ordering delivery of the thing to him.

policy interests by its enactment of the Uniform Transfer on Death Security Registration Act which authorizes use of TOD designation forms that do not conflict with current successions law.

La. C.C. art. 1612 states: "A disposition should be interpreted in a sense in which it can have effect, rather than in one in which it can have none." The cardinal principle of the interpretation of a person's last will is to ascertain and honor the intent of the testator ascribing meaning to the disposition so that it can have effect. In re Succession of Dean, 12-0832 (La. App. 4 Cir. 4/3/13), 115 So.3d 526, 531; Succession of Martin, 262 So.2d 46, 47 (La. App. 1st Cir. 1972).

La. C.C. art. 1971 provides that parties are free to contract for any object that is lawful, possible, and determined or determinable. The freedom of contract "signifies that parties to an agreement have the right and power to construct their own bargains." Nelson v. Nelson, 08-85 (La. App. 5 Cir. 6/19/08), 985 So.2d 1285, 1293. The only exceptions to this rule are where the government or the state has restricted the parties' right to contract because the proposed bargain has a deleterious effect on the public or otherwise violates public policy. Id. Courts do not have "the prerogative to disregard public policy decisions underlying legislation or to reweigh balances of interests and policy considerations already struck by the legislature" in laws providing broad freedom to contract. Daigle v. Clemco Industries, 613 So.2d 619, 624 (La. 1993).

Given the contrastive public policy interests and the recent passage of the Louisiana Uniform Act, we do not find the TOD designation form is against public policy. We, however, do find that the execution of TOD designation form in this case does not comply with Louisiana requirements for the legal transfer of assets upon death. See, La. C.C. arts. 1570 and 1573. As a result, we hold that the TOD designation form in this case is invalid.

**DECREE**

For the reasons stated herein, we affirm the trial court's judgment finding that the TOD designation form is invalid. We therefore affirm the trial court's judgment granting the executrix's motion for summary judgment and denying Ms. Thompson's motion for summary judgment.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 6, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-460

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
R. CHRISTOPHER COX, III (DISTRICT JUDGE)
BEAU P. SAGONA (APPELLEE)            THOMAS A. ROBICHAUX (APPELLANT)

**MAILED**
DEWAYNE L. WILLIAMS (APPELLANT)      BRYAN J. O'NEILL (APPELLEE)
WILLIAM D. AARON, JR. (APPELLANT)    ATTORNEY AT LAW
ATTORNEYS AT LAW                     3027 RIDGELAKE DRIVE
201 ST. CHARLES AVENUE               METAIRIE, LA 70002
SUITE 3800
NEW ORLEANS, LA 70170